UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| A.H.,<br><br>    Plaintiff,<br><br>v.<br><br>WYNN LAS VEGAS, LLC., *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-1041-GMN-NJK<br><br>**Order**<br><br>[Docket No. 96] |

Pending before the Court is the parties' stipulation to extend case management deadlines by 45 days and Plaintiff's motion for substitution of counsel. Docket No. 96.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

A request to extend case management deadlines must provide a "statement specifying the discovery completed." Local Rule 26-3. To allow the Court to make a proper determination of whether the parties have been diligent throughout the discovery period, this statement must include the dates on which all discovery occurred. Such information is absent here. *See* Docket No. 96 at 4. Additionally, the parties do not provide a specific description of the discovery that remains to

1

be completed, *see* Local Rule 26-3(b). Instead, the parties submit that "more work remains, particularly with respect to exchanging hit reports and finalizing search terms that will, in turn, generate further and more substantial document productions before taking of depositions in earnest." Docket No. 96 at 4. This lacks the required specificity.

Further, the stipulation seeks relief because of a potential conflict with Plaintiff's local co-counsel and filing issues. *Id*. at 2-3. The parties offer no explanation as to why a 45-day extension is necessary at this juncture, as discovery has been ongoing since September 11, 2024, and the discovery cutoff is three months away. *See* Docket No. 60.

Accordingly, the stipulation to extend case management deadlines is **DENIED** without prejudice. Docket No. 96. Plaintiff's motion for substitution of attorney is **GRANTED**. *Id*. It is **ORDERED** that Michael C. Kane, Esq., Bradley J. Myers, Esq., Joel Hengstler, Esq., Thomas N. Beckom, Esq., and The702Firm Injury Attorneys are substituted as counsel of record for Plaintiff in this action in the place of Sean K. Claggett, Esq., Brian Blankenship, Esq., Kevin T. Strong, Esq., Scott E. Lundy, Esq., and Claggett & Sykes Law Firm.

IT IS SO ORDERED.

Dated: March 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge