1   KNIGHT & RYAN PLLC
    Robert A. Ryan, #12084
2   Scott A. Knight, #9083
    8880 W. Sunset Road. Ste. 130
3   Las Vegas, Nevada 89148
    (702) 462-6083
4   (702) 462-6084 fax
    robert@knightryan.com
5   scott@knightryan.com

6
7   DLA Piper LLP (US).
    Angela C. Agrusa (admitted *pro hac vice*)
8   angela.agrusa@dlapiper.com
    2000 Avenue of the Stars, Suite 400
9   Los Angeles, California 90067-4704
    (310) 595-3000
10  (310) 595-3300 fax

11  Ellen E. Dew (admitted *pro hac vice*)
    ellen.dew@us.dlapiper.com
12  650 S. Exeter Street Suite 1100
    Baltimore, Maryland 21202-4576
13  (410) 580-3000
    (410) 580-3001 fax
14

15  *Attorneys for Defendants Aria Resort & Casino, LLC;*
    *Aria Resort & Casino Holdings, LLC;*
16  *MGM Resorts International;*
    *New York New York Hotel & Casino, LLC;*
17  *and CityCenter Land, LLC*

18              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**
19
     A.H., an Individual,                    Case No. 24-cv-01041-GMN-NJK
20
                    Plaintiff,
21
            v.                                       **ORDER TO**
22                                            **EXTEND DISCOVERY**
     WYNN LAS VEGAS, LLC, a Nevada Limited
23   Liability Company, *et al.*,               **[SECOND REQUEST]**

24                  Defendants.

25

26

27

28

Pursuant to Local Rules IA 6-1 and 26-3, IT IS HEREBY STIPULATED AND AGREED by and among: (1) A.H. ("Plaintiff"); (2) Wynn Resorts, Limited and Wynn Las Vegas, LLC, ("Wynn Defendants"); (3) Aria Resort & Casino, LLC, Aria Resort & Casino Holdings, LLC, New York-New York Hotel & Casino, MGM Resorts International, CityCenter Land, LLC, ("MGM Defendants"); and (4) Venetian Las Vegas Gaming, LLC ("Venetian") (collectively, the "Parties") that the current discovery deadlines be extended by sixty (60) days in this action. This is the second stipulation to extend discovery deadlines since entry of the initial Scheduling Order. (Doc. 60). The Court previously granted a stipulation to extend the discovery deadlines on March 25, 2025. (Doc. 99).

Pursuant to LR IA 11-6(c) and (e), the Parties seek a sixty (60) day extension of all remaining deadlines in the case.

## I.    DISCOVERY COMPLETED TO DATE

1.    The Parties have been diligently pursuing discovery on all aspects of the case.

2.    To date, the Parties have served the disclosures noted below.

    a.    *Plaintiff A.H.'s Disclosures*:

        i.    Initial Disclosure of Documents and Witnesses, dated October 31, 2024;

        ii.    First Supplemental Disclosure, dated December 2, 2024;

        iii.    Second Supplemental Disclosure, dated December 23, 2024;

        iv.    Third Supplemental Disclosure, dated January 13, 2025;

        v.    Fourth Supplemental Disclosure, dated January 21, 2025;

        vi.    Fifth Supplemental Disclosure, dated March 14, 2025;

        vii.    Sixth Supplemental Disclosure, dated March 20, 2025;

        viii.    Seventh Supplemental Disclosure, dated March 31, 2025;

        ix.    Eighth Supplemental Disclosure, dated April 22, 2025.

  b. *Wynn Defendants' Disclosures*:

   i. Initial Disclosure of Witnesses and Documents, dated October 31, 2024.

  c. *Venetian Defendants' Disclosures*:

   i. Initial Disclosure of Witnesses and Documents, dated November 13, 2024.

  d. *MGM Defendants' Disclosures*:

   i. Initial Disclosures, dated November 11, 2024.

3. The Parties have served and/or responded to the following written discovery.

  a. *Plaintiff A.H.'s Discovery Requests and Responses*:

   i. First Set of Requests for Production of Documents to Defendant Wynn Las Vegas, LLC, dated November 4, 2024;

   ii. First Set of Interrogatories to Defendant Wynn Las Vegas, LLC, dated November 4, 2024;

   iii. First Set of Requests for Production of Documents to Defendant Venetian Las Vegas Gaming, LLC, dated November 5, 2024;

   iv. First Set of Interrogatories to Defendant Venetian Las Vegas Gaming, LLC, dated November 5, 2024;

   v. First Set of Requests for Production of Documents to Defendant New York-New York Hotel & Casino, LLC, dated November 5, 2024;

   vi. First Set of Interrogatories to Defendant New York-New York Hotel & Casino, LLC, dated November 5, 2024;

   vii. First Set of Requests for Production of Documents to Defendant Aria Resort & Casino, LLC, dated November 4, 2024;

   viii. First Set of Interrogatories to Defendant Aria Resort & Casino, LLC, dated November 5, 2024;

   ix. First Set of Requests for Production of Documents to Defendant MGM

Resorts International, dated November 26, 2024;

x. First Set of Requests for Production of Documents to Defendant Wynn Resorts, Limited, dated November 26, 2024;

xi. Second Set of Requests for Production of Documents to Defendant Venetian Las Vegas Gaming, LLC, dated November 26, 2024;

xii. Second Set of Requests for Production of Documents to Defendant Wynn Las Vegas, LLC, dated November 26, 2024;

xiii. Second Set of Requests for Production of Documents to Defendant New York-New York Hotel & Casino, LLC, dated November 26, 2024;

xiv. Second Set of Requests for Production of Documents to Defendant Aria Resort & Casino, LLC, dated November 26, 2024;

xv. Plaintiff's Responses to Wynn Defendants' First Set of Requests for Production of Documents, dated January 10, 2025;

xvi. Plaintiff's Responses to Wynn Defendants' First Set of Interrogatories, dated January 10, 2025;

xvii. Plaintiff's Responses to Wynn Defendants' First Set of Requests for Admission, dated January 10, 2025;

xviii. Plaintiff's Responses to MGM Defendants' First Set of Interrogatories, dated April 7, 2025

xix. Plaintiff's Responses to MGM Defendants' First Set of Requests for Production, dated April 7, 2025;

xx. Plaintiff's Responses to the Aria Defendants' Second Set of Interrogatories, dated April 14, 2025;

xxi. Plaintiff's Responses to the New York New York Defendants' Second Set of Interrogatories, dated April 14, 2025;

xxii. Plaintiff's Responses to the Aria Defendants' Second Set of Requests for Production, dated April 14, 2025;

xxiii. Plaintiff's Responses to the New York New York Defendants' Second Set of Requests for Production, dated April 14, 2025;

xxiv. Non-Party Subpoena to Produce Documents to the Las Vegas Metropolitan Police Department, dated March 30, 2025;

xxv. Non-Party Subpoena to Produce Documents to the Polaris Project, dated April 1, 2025.

b. *Wynn Defendants' Discovery Requests and Responses:*

i. First Set of Requests for Production of Documents to Plaintiff, dated November 27, 2024;

ii. First Set of Interrogatories to Plaintiff, dated November 27, 2024;

iii. First Set of Requests for Admission to Plaintiff, dated November 27, 2024;

iv. Wynn Resorts, Limited's Responses to Plaintiff's First Set of Requests for Production of Documents, dated January 6, 2025;

v. Wynn Las Vegas, LLC's Responses to Plaintiff's First Set of Requests for Production of Documents, dated January 6, 2025;

vi. Wynn Las Vegas, LLC's Responses to Plaintiff's First Set of Interrogatories, dated January 6, 2025;

vii. Wynn Las Vegas, LLC's Responses to Plaintiff's Second Set of Requests for Production of Documents, dated January 6, 2025.

c. *MGM Defendants' Discovery Requests and Responses:*

i. MGM's Omnibus Responses to Plaintiff's First Set of Requests for Production of Documents, dated January 6, 2025;

ii. MGM's Omnibus Responses to Plaintiff's First Set of Interrogatories, dated January 6, 2025;

iii. MGM's Omnibus Responses to Plaintiff's Second Set of Requests for Production of Documents, dated January 6, 2025;

iv. First Set of Joint Requests for Production of Documents to Plaintiff, dated March 7, 2025;

v. First Set of Joint Interrogatories to Plaintiff, dated March 7, 2025;

vi. Defendant Aria's Second Set of Requests for Production of Documents to Plaintiff, dated March 14, 2025;

vii. Defendant Aria's Second Set of Interrogatories to Plaintiff, dated March 14, 2025;

viii. Defendant New York-New York's Second Set of Requests for Production of Documents to Plaintiff, dated March 14, 2025;

ix. Defendant New York-New York's Second Set of Interrogatories to Plaintiff, dated March 14, 2025.

x. MGM's First Set of Supplemental Omnibus Responses to Plaintiff's First Set of Requests for Production of Documents, dated May 14, 2025;

xi. MGM's First Set of Supplemental Omnibus Responses to Plaintiff's First Set of Interrogatories, dated May 14, 2025;

d. *Venetian Defendant's Discovery Requests and Responses:*

i. Venetian's Responses to Plaintiff's First Set of Requests for Production of Documents, dated January 8, 2025;

ii. Venetian's Responses to Plaintiff's First Set of Interrogatories, dated January 8, 2025;

iii. Venetian's Responses to Plaintiff's Second Set of Requests for Production of Documents, dated January 8, 2025;

iv. First Set of Requests for Production of Documents to Plaintiff, dated January 21, 2025;

v. First Set of Interrogatories to Plaintiff, dated January 21, 2025;

vi. Venetian's Supplemental Responses to Plaintiff's First Set of Requests

1                     for Production of Documents, dated April 18, 2025;

2      vii.   Venetian's Supplemental Responses to Plaintiff's First Set of

3               Interrogatories, dated April 18, 2025;

4     viii.   Venetian's Supplemental Responses to Plaintiff's Second Set of

5               Requests for Production of Documents, dated April 18, 2025;

6      ix.   Non-Party Subpoena to Produce Documents to the Victims of Crime

7               Program, dated April 25, 2025;

8      x.   Non-Party Subpoena to Produce Documents to the St. Jude's Ranch for

9               Children, dated April 25, 2025;

10     xi.   Non-Party Subpoena to Produce Documents to the Embracing Project,

11               dated April 25, 2025;

12     xii.   Non-Party Subpoena to Produce Documents to the Address

13               Confidentiality Program, dated April 25, 2025;

14     xiii.   Non-Party Subpoena to Produce Documents to the Colorado

15               Organization Victims Assistance program, dated April 25, 2025;

16     xiv.   Non-Party Subpoena to Produce Documents to iEmpathize, dated April

17               25, 2025;

18     xv.   Non-Party Subpoena to Produce Documents to Restore Innocence

19               (Reclaiming Hope), dated April 25, 2025;

20     xvi.   Non-Party Subpoena to Produce Documents to the Las Vegas Metro

21               Police Department, dated April 25, 2025;

22     xvii.   Non-Party Subpoena to Produce Documents to the Las Vegas Fire

23               Department, dated April 25, 2025;

24    xviii.   Non-Party Subpoena to Produce Documents to the Ronald McDonald

25               House, dated May 8, 2025;

26     xix.   Non-Party Subpoena to Produce Documents to the Salvation Army of

27               Las Vegas, dated May 8, 2025;

28

xx. Non-Party Subpoena to Produce Documents to the North Las Vegas Fire Department, dated May 8, 2025;

xxi. Non-Party Subpoena to Produce Documents to the National Center for Youth Law, dated May 8, 2025;

xxii. Non-Party Subpoena to Produce Documents to Runaway Girl, Inc., dated May 8, 2025;

xxiii. Non-Party Subpoena to Produce Documents to Heal Trafficking, dated May 8, 2025;

xxiv. Non-Party Subpoena to Produce Documents to the Safe at Home Program of California, dated May 8, 2025;

xxv. Non-Party Subpoena to Produce Documents to the Empowered Network, dated May 8, 2025;

xxvi. Non-Party Subpoena to Produce Documents to the Vital Voices Global Partnership, dated May 8, 2025;

xxvii. Non-Party Subpoena to Produce Documents to the Department of Transportation Advisory Committee on Human Trafficking, dated May 8, 2025;

xxviii. Non-Party Subpoena to Produce Documents to the Polaris Project, dated May 8, 2025;

xxix. Non-Party Subpoena to Produce Documents to the American Hospital Association, dated May 8, 2025;

e. The Parties have also engaged in a number of additional discovery efforts, as summarized below.

i. Joint conferences and drafting/submission of protective and confidentiality orders in September–October, 2024;

ii. Plaintiff's Proposed ESI order sent to Defendants November 20, 2024;

iii. Joint conferences and draft ESI protocols exchanged; revised proposed

ESI search terms and custodians sent to Defendants on January 13, 2025;

iv. Initial document productions by all Defendants and Plaintiff's review of all from January 6–February 25, 2025;

v. Joint conferences on ESI search terms and finalization of ESI protocol, January–present;

vi. MGM Defendants' agreement to run Plaintiff's proposed discovery terms and completion of MGM Defendants' custodial production from April 4-April 30, 2025;

vii. Wynn Defendants' Responses and Objections to Plaintiff's 30(b)(6) Deposition Notices, dated April 15, 2025 (Plaintiff's response on April 21 followed by a meet-and-confer the same day);

viii. Venetian's Responses and Objections to Plaintiff's 30(b)(6) Deposition Notices and Discovery Deficiency Letter, both dated April 28, 2025 (Plaintiff's responses on May 12 and May 13 followed by a meet-and-confer on May 13);

ix. Wynn Defendants' Discovery Deficiency Letter to Plaintiff, dated April 29, 2025 (Plaintiff's response May 9);

x. MGM Defendants' Responses and Objections to Plaintiff's 30(b)(6) Deposition Notices, dated May 6, 2025;

xi. Plaintiff's second and final Discovery Deficiency Letter to MGM Defendants, dated May 12, 2025;

xii. Joint conferences on ESI search terms for Plaintiff's custodial files from April 30, 2025 to present;

xiii. Multiple discovery deficiency letters and meet and confers on related topics and 30(b)(6) depositions of Defendants held between February 11 through the present;

xiv.  Fact witness deposition scheduled for June 2, 2025;

xv.  Deposition of the Wynn Defendants' corporate representative tentatively scheduled for July 9, 2025;

xvi.  Deposition of Venetian's corporate representative tentatively scheduled for the week of July 7–11, 2025; and

xvii.  Joint conferences on scheduling of Plaintiff's deposition held between May 9 and continuing through the present.

## II.    DISCOVERY THAT REMAINS TO BE COMPLETED

a.  *Depositions*

i.  Plaintiff;

ii.  30(b)(6) depositions of all Defendants (topics noticed include corporate structure and relationships, general TVPRA-related issues, and affirmative defenses). The Defendants have all sent Plaintiff's counsel responses and objections and are currently meeting and conferring regarding dates and the scope of the proposed topics.

iii.  Additional fact witnesses (party-related and non-party witnesses);

iv.  Expert witnesses for all parties following initial and rebuttal disclosures.

b.  *Written Discovery and Productions*:

i.  Wynn Defendants' supplemental ESI productions following review for responsiveness and privilege;

ii.  Venetian's supplemental productions as a result of numerous meet and confers with Plaintiff's counsel;

iii.  MGM Defendants' supplemental productions as a result of numerous meet and confers with Plaintiff's counsel;

iv.  Plaintiff's full ESI productions after further review of hit reports and refinement of terms/custodians;

v.   Additional supplemental disclosures, as needed;

vi.   Initial and rebuttal expert reports;

vii.   Non-party responses to outstanding requests for production (deadline to respond not until early June);

viii.   Additional non-party requests for production following review of Plaintiff's production and Plaintiff's deposition (the MGM Defendants intend to serve additional non-party subpoenas in the immediate future).

### III.    DISCOVERY DELAYS

Despite the Parties' diligent efforts, ESI searches have been delayed in this case. As explained in the Parties' prior extension request, given the amount of time that has passed since Plaintiff's allegations, many of the possible witnesses and/or custodians that may have had potentially responsive information are no longer employees at the named entities. MGM Defendants engaged in a months-long process to not only identify the individuals with potentially responsive information employed during Plaintiff's alleged trafficking period, but also determine what (if any) data for them still exists in MGM Defendants' possession, custody, and control. Following an extensive meet and confer process with Plaintiff, MGM Defendants produced numerous custodial documents and correspondence. MGM Defendants are now reviewing and have agreed to produce reports related to incidents concerning alleged human trafficking, commercial sex, or prostitution at the two properties named in this litigation. MGM Defendants produced a summary report of such incidents, but have since engaged in the manual extraction process of the underlying incident reports and attachments from the MGM Defendants' incident reporting system. Such a manual process was required as a result of the gap in time between the events at issue in Plaintiff's Complaint and the present. MGM Defendants are working toward and intend to produce these documents in short order.

The Wynn Defendants have also actively pursued discovery, but faced various similar challenges with respect to identifying individuals with relevant materials from the applicable

timeframe and collecting those materials. The Wynn Defendants have also produced numerous documents and correspondence to date and have engaged with Plaintiff in regular and productive discussion over the course of months to refine further search parameters. The Wynn Defendants are now in the process of collecting, processing, and reviewing additional ESI from a pool of hundreds of custodians, as well as from various non-custodial sources. The Wynn Defendants are expecting to produce additional documents on a rolling basis going forward, but do not expect custodial productions to be completed for at least the next month. The Wynn Defendants are working diligently and have kept Plaintiff's counsel apprised of any and all updates.

Additionally, Plaintiff's counsel recently collected Plaintiff's emails and determined there are approximately 71,000 to search and review for responsiveness and privilege. The Parties promptly negotiated and came to final agreement on search terms and Plaintiff has been advised that the third-party vendor conducting these searches will upload responsive emails on May 30, 2025, whereupon they will be reviewed for responsiveness and privilege. The Parties have been diligent in their meet and confer efforts, but this is an ongoing process. Plaintiff's counsel has kept the Defendants apprised of these review efforts.

Furthermore, as a result of the delay in custodial productions, third-party and non-party discovery have been similarly delayed. Venetian has already served twenty-two non-party subpoenas requesting the production of documents. Venetian has already received one response, which it supplied to all Parties, and it expects to receive more over the next 30 days. The Parties anticipate such productions to contain materials relevant to the upcoming deposition requests and will inform additional discovery to be served on the other Parties.

Finally, Plaintiff filed a motion to compel against Venetian, (Docket No. 100), which the Court denied without prejudice (Docket No. 101). Plaintiff's counsel was out of office and unavailable for eight days following the denial, but upon return promptly met and conferred with Venetian on May 12. Plaintiff and MGM Defendants conferred on May 16 to address similar issues and agreed to a resolution that includes additional production of documents in the coming weeks.

Therefore, good cause exists for this extension, as all the Parties have been diligent in their efforts to move forward with discovery, and many delays were beyond the Parties' control. These delays have impacted the Parties' ability to schedule and conduct depositions, as witnesses cannot be examined without meaningful and substantially complete document productions. These circumstances warrant an extension to ensure discovery is completed properly and in accordance with the rules governing full and fair disclosure.

A 60-day extension is necessary to account for these delays in robust document productions. Without these documents, fact witness(es) and 30(b)(6) depositions cannot proceed effectively, as counsel would be unable to question witnesses on key issues with incomplete records. The current deadline for expert disclosures—June 23, 2025—no longer affords sufficient time for experts to review the anticipated volume of new evidence that will be produced in the coming weeks, particularly as Plaintiff's custodial records and the non-party discovery come in on a rolling basis. The requested extension ensures that all Parties receive the necessary discovery before depositions and expert disclosures, avoiding the risk of incomplete or prejudicially rushed proceedings.

## IV.    PROPOSED MODIFICATION

| Task | Current Deadline | Deadline Sought |
|---|---|---|
| Initial Experts | June 23, 2025 | August 22, 2025 |
| Rebuttal Experts | July 24, 2025 | September 22, 2025 |
| Discovery Cutoff | August 22, 2025 | October 21, 2025 |
| Dispositive Motions | September 22, 2025 | November 21, 2025 |
| Joint Proposed Pretrial Order | October 23, 2025 | December 22, 2025 (or 30 days after resolution of dispositive motions) |

IT IS SO ORDERED.
Dated: May 21, 2025

Nancy J. Koppe
United States Magistrate Judge