Patrick G. Byrne, Esq.
Nevada Bar No. 7636
Dawn Davis, Esq.
Nevada Bar. No. 13329
SNELL & WILMER
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone:  (702) 784-5275
Facsimile:  (702) 784-5252
Email:  pbyrne@swlaw.com
        ddavis@swlaw.com

Bethany K. Biesenthal, Esq. *(Pro Hac Vice)*
Allison L. McQueen, Esq. *(Pro Hac Vice)*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
Email:  bbiesenthal@jonesday.com
        amcqueen@jonesday.com

Nicole M. Perry, Esq. *(Pro Hac Vice)*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600
Email:  nmperry@jonesday.com

Attorneys for Defendant
*Wynn Las Vegas, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **A.H., an Individual,** | Case No. 24-cv-01041-GMN-NJK |
| Plaintiff, | |
| v. | **ORDER TO EXTEND DISCOVERY** |
| **WYNN LAS VEGAS, LLC, a Nevada Limited Liability Company,** *et al.*, | **[THIRD REQUEST]** |
| Defendants. | |

Pursuant to Local Rules IA 6-1 and 26-3, IT IS HEREBY STIPULATED AND AGREED by and among: (1) A.H. ("Plaintiff"); (2) Wynn Resorts, Limited and Wynn Las Vegas, LLC, ("Wynn Defendants"); (3) Aria Resort & Casino, LLC, Aria Resort & Casino Holdings, LLC, New York-New York Hotel & Casino, MGM Resorts International, CityCenter Land, LLC, ("MGM Defendants"); and (4) Venetian Las Vegas Gaming, LLC ("Venetian") (collectively, the "Parties") that the current discovery deadlines be extended by ninety (90) days in this action. This is the third stipulation to extend discovery deadlines since entry of the initial Scheduling Order. (Doc. 60). The Court previously granted a stipulation to extend the discovery deadlines on May 21, 2025. (Doc. 103).

To date, the parties in this action have engaged in substantial and diligent discovery efforts, including the exchange of multiple supplemental disclosures, the service and response to numerous sets of written discovery, and the completion of key depositions.  In addition, the parties have exchanged extensive written discovery, including new sets of requests for production and interrogatories served in July, and have continued to meet and confer regarding ESI protocols, search terms, and custodians. The parties have also coordinated and analyzed the responses of a significant number of non-party subpoenas, with productions ongoing and additional responses anticipated in the coming weeks. The parties have produced approximately 29,000 pages of documents, not including documents provided by third parties in response to subpoenas.  In addition, they have subpoenaed and reviewed thousands of pages of non-party discovery.  Despite these efforts, substantial work remains: the parties must complete further corporate representative depositions, depose at least 13 additional fact witnesses identified in recent depositions and ongoing document review, and finalize expert disclosures and reports. The parties are also

awaiting supplemental productions from several defendants and non-parties, and are working diligently to complete additional written discovery and ESI review.  The parties have made significant progress but require additional time to ensure that all necessary discovery is completed thoroughly and fairly.

## I.    **DISCOVERY COMPLETED TO DATE**

1.    The Parties have been diligently pursuing discovery on all aspects of the case.

2.    To date, the Parties have served the disclosures noted below. In bold are the activities that have occurred since the last extension request.

    a.  *Plaintiff A.H.'s Disclosures*:

        i.    Initial Disclosure of Documents and Witnesses, dated October 31, 2024;

        ii.   First Supplemental Disclosure, dated December 2, 2024;

        iii.  Second Supplemental Disclosure, dated December 23, 2024;

        iv.   Third Supplemental Disclosure, dated January 13, 2025;

        v.    Fourth Supplemental Disclosure, dated January 21, 2025;

        vi.   Fifth Supplemental Disclosure, dated March 14, 2025;

        vii.  Sixth Supplemental Disclosure, dated March 20, 2025;

        viii. Seventh Supplemental Disclosure, dated March 31, 2025;

        ix.   Eighth Supplemental Disclosure, dated April 22, 2025;

        **x.    Ninth Supplemental Disclosure, dated June 6, 2025;**

        **xi.   Tenth Supplemental Disclosure, dated July 18, 2025;**

        **xii.  Eleventh Supplemental Disclosure, dated July 21, 2025.**

    b.  *Wynn Defendants' Disclosures*:

        i.    Initial Disclosure of Witnesses and Documents, dated October 31, 2024.

    c.  *Venetian Defendants' Disclosures*:

        i.   Initial Disclosure of Witnesses and Documents, dated November 13, 2024.

    d.  *MGM Defendants' Disclosures*:

        i.   Initial Disclosures, dated November 11, 2024.

3.  The Parties have served and/or responded to the following written discovery.

    a.  *Plaintiff A.H.'s Discovery Requests and Responses*:

        i.   First Set of Requests for Production of Documents to Defendant Wynn Las Vegas, LLC, dated November 4, 2024;

        ii.   First Set of Interrogatories to Defendant Wynn Las Vegas, LLC, dated November 4, 2024;

        iii.   First Set of Requests for Production of Documents to Defendant Venetian Las Vegas Gaming, LLC, dated November 5, 2024;

        iv.   First Set of Interrogatories to Defendant Venetian Las Vegas Gaming, LLC, dated November 5, 2024;

        v.   First Set of Requests for Production of Documents to Defendant New York-New York Hotel & Casino, LLC, dated November 5, 2024;

        vi.   First Set of Interrogatories to Defendant New York-New York Hotel & Casino, LLC, dated November 5, 2024;

        vii.   First Set of Requests for Production of Documents to Defendant Aria Resort & Casino, LLC, dated November 4, 2024;

        viii.   First Set of Interrogatories to Defendant Aria Resort & Casino, LLC, dated November 5, 2024;

        ix.   First Set of Requests for Production of Documents to Defendant MGM Resorts International, dated November 26, 2024;

        x.   First Set of Requests for Production of Documents to Defendant Wynn Resorts, Limited, dated November 26, 2024;

        xi.   Second Set of Requests for Production of Documents to Defendant

Venetian Las Vegas Gaming, LLC, dated November 26, 2024;

xii.    Second Set of Requests for Production of Documents to Defendant Wynn Las Vegas, LLC, dated November 26, 2024;

xiii.    Second Set of Requests for Production of Documents to Defendant New York-New York Hotel & Casino, LLC, dated November 26, 2024;

xiv.    Second Set of Requests for Production of Documents to Defendant Aria Resort & Casino, LLC, dated November 26, 2024;

xv.    Plaintiff's Responses to Wynn Defendants' First Set of Requests for Production of Documents, dated January 10, 2025;

xvi.    Plaintiff's Responses to Wynn Defendants' First Set of Interrogatories, dated January 10, 2025;

xvii.    Plaintiff's Responses to Wynn Defendants' First Set of Requests for Admission, dated January 10, 2025;

xviii.    Plaintiff's Responses to MGM Defendants' First Set of Interrogatories, dated April 7, 2025

xix.    Plaintiff's Responses to MGM Defendants' First Set of Requests for Production, dated April 7, 2025;

xx.    Plaintiff's Responses to the Aria Defendants' Second Set of Interrogatories, dated April 14, 2025;

xxi.    Plaintiff's Responses to the New York New York Defendants' Second Set of Interrogatories, dated April 14, 2025;

xxii.    Plaintiff's Responses to the Aria Defendants' Second Set of Requests for Production, dated April 14, 2025;

xxiii.    Plaintiff's Responses to the New York New York Defendants' Second Set of Requests for Production, dated April 14, 2025;

xxiv.    Non-Party Subpoena to Produce Documents to the Las Vegas

1        Metropolitan Police Department, dated March 30, 2025;

2    xxv.    Non-Party Subpoena to Produce Documents to the Polaris Project,

3        dated April 1, 2025;

4    **xxvi.**    **Third Set of Requests for Production of Documents to Defendant**

5        **Wynn Las Vegas, LLC, dated July 11, 2025;**

6    **xxvii.**    **Second Set of Interrogatories to Defendant Wynn Las Vegas,**

7        **LLC, dated July 11, 2025;**

8    **xxviii.**    **Third Set of Requests for Production of Documents to Defendant**

9        **MGM Resorts International, dated July 18, 2025;**

10    **xxix.**    **Third Set of Requests for Production of Documents to Defendant**

11        **New York-New York Hotel & Casino, LLC, dated July 18, 2025;**

12    **xxx.**    **Third Set of Requests for Production of Documents to Defendant**

13        **Venetian Las Vegas Gaming, LLC, dated July 18, 2025;**

14    **xxxi.**    **Fourth Set of Requests for Production of Documents to**

15        **Defendant Aria Resort & Casino, LLC, dated July 18, 2025.**

16    b.    *Wynn Defendants' Discovery Requests and Responses:*

17    i.    First Set of Requests for Production of Documents to Plaintiff, dated

18        November 27, 2024;

19    ii.    First Set of Interrogatories to Plaintiff, dated November 27, 2024;

20    iii.    First Set of Requests for Admission to Plaintiff, dated November 27,

21        2024;

22    iv.    Wynn Resorts, Limited's Responses to Plaintiff's First Set of

23        Requests for Production of Documents, dated January 6, 2025;

24    v.    Wynn Las Vegas, LLC's Responses to Plaintiff's First Set of Requests

25        for Production of Documents, dated January 6, 2025;

26    vi.    Wynn Las Vegas, LLC's Responses to Plaintiff's First Set of

27        Interrogatories, dated January 6, 2025;

28

vii.   Wynn Las Vegas, LLC's Responses to Plaintiff's Second Set of Requests for Production of Documents, dated January 6, 2025;

**viii.   Wynn produced documents on June 18, June 29, and July 14, 2025.**

c.   *MGM Defendants' Discovery Requests and Responses:*

i.   MGM's Omnibus Responses to Plaintiff's First Set of Requests for Production of Documents, dated January 6, 2025;

ii.   MGM's Omnibus Responses to Plaintiff's First Set of Interrogatories, dated January 6, 2025;

iii.   MGM's Omnibus Responses to Plaintiff's Second Set of Requests for Production of Documents, dated January 6, 2025;

iv.   First Set of Joint Requests for Production of Documents to Plaintiff, dated March 7, 2025;

v.   First Set of Joint Interrogatories to Plaintiff, dated March 7, 2025;

vi.   Defendant Aria's Second Set of Requests for Production of Documents to Plaintiff, dated March 14, 2025;

vii.   Defendant Aria's Second Set of Interrogatories to Plaintiff, dated March 14, 2025;

viii.   Defendant New York-New York's Second Set of Requests for Production of Documents to Plaintiff, dated March 14, 2025;

ix.   Defendant New York-New York's Second Set of Interrogatories to Plaintiff, dated March 14, 2025.

x.   MGM's First Set of Supplemental Omnibus Responses to Plaintiff's First Set of Requests for Production of Documents, dated May 14, 2025;

xi.   MGM's First Set of Supplemental Omnibus Responses to Plaintiff's First Set of Interrogatories, dated May 14, 2025;

xii. **Non-Party Subpoena to Produce Documents to Dignity Health, dated June 18, 2025.**

xiii. **Defendant Aria's Responses to Plaintiff's Third Set of Requests for Production.**

xiv. **Defendant MGMRI's Responses to Plaintiff's Second Set of Requests for Production.**

xv. **The MGM Defendants produced a supplemental set of documents on May 21 and July 11, 2025.**

d. *Venetian Defendant's Discovery Requests and Responses:*

i. Venetian's Responses to Plaintiff's First Set of Requests for Production of Documents, dated January 8, 2025;

ii. Venetian's Responses to Plaintiff's First Set of Interrogatories, dated January 8, 2025;

iii. Venetian's Responses to Plaintiff's Second Set of Requests for Production of Documents, dated January 8, 2025;

iv. First Set of Requests for Production of Documents to Plaintiff, dated January 21, 2025;

v. First Set of Interrogatories to Plaintiff, dated January 21, 2025;

vi. Venetian's Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents, dated April 18, 2025;

vii. Venetian's Supplemental Responses to Plaintiff's First Set of Interrogatories, dated April 18, 2025;

viii. Venetian's Supplemental Responses to Plaintiff's Second Set of Requests for Production of Documents, dated April 18, 2025;

ix. Non-Party Subpoena to Produce Documents to the Victims of Crime Program, dated April 25, 2025;

x. Non-Party Subpoena to Produce Documents to the St. Jude's Ranch

for Children, dated April 25, 2025;

xi.  Non-Party Subpoena to Produce Documents to the Embracing Project, dated April 25, 2025;

xii.  Non-Party Subpoena to Produce Documents to the Address Confidentiality Program, dated April 25, 2025;

xiii.  Non-Party Subpoena to Produce Documents to the Colorado Organization Victims Assistance program, dated April 25, 2025;

xiv.  Non-Party Subpoena to Produce Documents to iEmpathize, dated April 25, 2025;

xv.  Non-Party Subpoena to Produce Documents to Restore Innocence (Reclaiming Hope), dated April 25, 2025;

xvi.  Non-Party Subpoena to Produce Documents to the Las Vegas Metro Police Department, dated April 25, 2025;

xvii.  Non-Party Subpoena to Produce Documents to the Las Vegas Fire Department, dated April 25, 2025;

xviii.  Non-Party Subpoena to Produce Documents to the Ronald McDonald House, dated May 8, 2025;

xix.  Non-Party Subpoena to Produce Documents to the Salvation Army of Las Vegas, dated May 8, 2025;

xx.  Non-Party Subpoena to Produce Documents to the North Las Vegas Fire Department, dated May 8, 2025;

xxi.  Non-Party Subpoena to Produce Documents to the National Center for Youth Law, dated May 8, 2025;

xxii.  Non-Party Subpoena to Produce Documents to Runaway Girl, Inc., dated May 8, 2025;

xxiii.  Non-Party Subpoena to Produce Documents to Heal Trafficking, dated May 8, 2025;

xxiv.   Non-Party Subpoena to Produce Documents to the Safe at Home Program of California, dated May 8, 2025;

xxv.   Non-Party Subpoena to Produce Documents to the Empowered Network, dated May 8, 2025;

xxvi.   Non-Party Subpoena to Produce Documents to the Vital Voices Global Partnership, dated May 8, 2025;

xxvii.   Non-Party Subpoena to Produce Documents to the Department of Transportation Advisory Committee on Human Trafficking, dated May 8, 2025;

xxviii.   Non-Party Subpoena to Produce Documents to the Polaris Project, dated May 8, 2025;

xxix.   Non-Party Subpoena to Produce Documents to the American Hospital Association, dated May 8, 2025;

**xxx.   Non-Party Subpoena to Produce Documents to BetterHelp Therapy, dated June 10, 2025;**

**xxxi.   Non-Party Subpoena to Produce Documents to Boulder Cirty Hospital, dated June 10, 2025;**

**xxxii.   Non-Party Subpoena to Produce Documents to Calm Gardens Therapy, dated June 10, 2025;**

**xxxiii.   Non-Party Subpoena to Produce Documents to Children's Hospital Colorado, dated June 10, 2025;**

**xxxiv.   Non-Party Subpoena to Produce Documents to Dignity Health Medical Center Northridge, dated June 10, 2025.**

**xxxv.   Non-Party Subpoena to Produce Documents to Dignity Health Medical Center, dated June 10, 2025;**

**xxxvi.   Non-Party Subpoena to Produce Documents to Harmony Healthcare, dated June 10, 2025;**

xxxvii.   **Non-Party Subpoena to Produce Documents to Henderson Hospital, dated June 10, 2025;**

xxxviii.   **Non-Party Subpoena to Produce Documents to Highlands Behavioral Health System, dated June 10, 2025;**

xxxix.   **Non-Party Subpoena to Produce Documents to LGBTQ Center of LA, dated June 10, 2025;**

xl.   **Non-Party Subpoena to Produce Documents to Lodi Memorial Hospital, dated June 10, 2025;**

xli.   **Non-Party Subpoena to Produce Documents to Memorial Medical Center – Modesto, dated June 10, 2025;**

xlii.   **Non-Party Subpoena to Produce Documents to Mindfully Sara, Inc., dated June 10, 2025;**

xliii.   **Non-Party Subpoena to Produce Documents to Planned Parenthood Mar Monte, dated June 10, 2025;**

xliv.   **Non-Party Subpoena to Produce Documents to PREVAIL (Women's Center of Stockton), dated June 10, 2025;**

xlv.   **Non-Party Subpoena to Produce Documents to San Joaquin General Hospital, dated June 10, 2025;**

xlvi.   **Non-Party Subpoena to Produce Documents to Southwest Medical Associates, dated June 10, 2025;**

xlvii.   **Non-Party Subpoena to Produce Documents to Spring Mountain Treatment Center, dated June 10, 2025;**

xlviii.   **Non-Party Subpoena to Produce Documents to St. Joseph's Medical Center, dated June 10, 2025;**

xlix.   **Non-Party Subpoena to Produce Documents to Stockton Diagnostic Imaging, dated June 10, 2025;**

l.   **Non-Party Subpoena to Produce Documents to Stockton**

Pathology Group, dated June 10, 2025;

li.    Non-Party Subpoena to Produce Documents to Summerlin Hospital, dated June 10, 2025;

lii.    Non-Party Subpoena to Produce Documents to Teresa Black (Thriveworks Therapy), dated June 10, 2025;

liii.    Non-Party Subpoena to Produce Documents to Trauma and Beyond, dated June 10, 2025;

liv.    Non-Party Subpoena to Produce Documents to UC Davis Medical Center, dated June 10, 2025;

lv.    Non-Party Subpoena to Produce Documents to UCLA Health/The Rape Crisis Center of UCLA, dated June 10, 2025;

lvi.    Non-Party Subpoena to Produce Documents to University Medical Care, dated June 10, 2025;

lvii.    Non-Party Subpoena to Produce Documents to Without Permission, dated June 10, 2025;

lviii.    Non-Party Subpoena to Produce Documents to Clark County Fire Department, dated June 12, 2025;

lix.    Non-Party Subpoena to Produce Documents to Nourished with Kindness, dated June 17, 2025;

lx.    Non-Party Subpoena to Produce Documents to ATI Physical Therapy, dated June 27, 2025;

lxi.    Non-Party Subpoena to Produce Documents to Shadow Emergency Physicians, dated June 27, 2025;

lxii.    Non-Party Subpoena to Produce Documents to Optum Internal Medicine/Optum Pain Medicine/Optum Neurology, dated June 27, 2025;

lxiii.    Non-Party Subpoena to Produce Documents to Engineered

1                                  **Aesthetics Plastic Surgery Institute, dated June 27, 2025;**

2        lxiv.    **Non-Party Subpoena to Produce Documents to David J. Oliveri,**

3              **MD, dated June 27, 2025;**

4        lxv.    **Non-Party Subpoena to Produce Documents to Enrico Fazzini,**

5              **DO, dated June 27, 2025;**

6        lxvi.    **Non-Party Subpoena to Produce Documents to Evolve**

7              **Prosthetics & Orthotics, dated June 27, 2025;**

8        lxvii.    **Non-Party Subpoena to Produce Documents to Telemind, dated**

9              **June 27, 2025;**

10        lxviii.    **Non-Party Subpoena to Produce Documents to Human Behavior**

11              **Institute, dated June 27, 2025;**

12        lxix.    **Non-Party Subpoena to Produce Documents to Behavioral**

13              **Health Solutions, dated June 27, 2025;**

14        lxx.    **Non-Party Subpoena to Produce Documents to Hand Surgery**

15              **Specialists of Nevada, dated June 27, 2025;**

16        lxxi.    **Non-Party Subpoena to Produce Documents to Jefferson Center**

17              **for Mental Health, dated June 27, 2025;**

18        lxxii.    **Non-Party Subpoena to Produce Documents to Colorado Springs**

19              **Neurological Associates, dated June 27, 2025;**

20        lxxiii.    **Non-Party Subpoena to Produce Documents to MMC Nutrition**

21              **and Wellness, dated June 27, 2025;**

22        lxxiv.    **Venetian's Second Supplemental Responses to Plaintiff's First**

23              **Set of Interrogatories, dated July 1, 2025;**

24        lxxv.    **Non-Party Subpoena to Produce Documents to Joanna**

25              **Friedman, dated July 30, 2025;**

26        lxxvi.    **Venetian produced a supplemental set of documents on June 13**

27              **and July 7, 2025.**

28

e.  The Parties have also engaged in a number of additional discovery efforts, as summarized below.

    i.  Joint conferences and drafting/submission of protective and confidentiality orders in September–October, 2024;

    ii.  Plaintiff's Proposed ESI order sent to Defendants November 20, 2024;

    iii.  Joint conferences and draft ESI protocols exchanged; revised proposed ESI search terms and custodians sent to Defendants on January 13, 2025;

    iv.  Initial document productions by all Defendants and Plaintiff's review of all from January 6–February 25, 2025;

    v.  Joint conferences on ESI search terms and finalization of ESI protocol, January–present;

    vi.  MGM Defendants' agreement to run Plaintiff's proposed discovery terms and completion of MGM Defendants' custodial production from April 4-April 30, 2025;

    vii.  Wynn Defendants' Responses and Objections to Plaintiff's 30(b)(6) Deposition Notices, dated April 15, 2025 (Plaintiff's response on April 21 followed by a meet-and-confer the same day);

    viii.  Venetian's Responses and Objections to Plaintiff's 30(b)(6) Deposition Notices and Discovery Deficiency Letter, both dated April 28, 2025 (Plaintiff's responses on May 12 and May 13 followed by a meet-and-confer on May 13);

    ix.  Wynn Defendants' Discovery Deficiency Letter to Plaintiff, dated April 29, 2025 (Plaintiff's response May 9);

    x.  MGM Defendants' Responses and Objections to Plaintiff's 30(b)(6) Deposition Notices, dated May 6, 2025;

xi. Plaintiff's second and final Discovery Deficiency Letter to MGM Defendants, dated May 12, 2025;

xii. **MGM Defendants' Discovery Deficiency Letter to Plaintiff, dated May 21, 2025 (and multiple resulting meet and confers);**

xiii. Joint conferences on ESI search terms for Plaintiff's custodial files from April 30, 2025 to present;

xiv. Multiple discovery deficiency letters and meet and confers on related topics and 30(b)(6) depositions of Defendants held between February 11 through the present;

xv. **MGM fact witness deposition occurred on June 2, 2025;**

xvi. **Deposition of the Wynn Defendants' corporate representative occurred on July 9, 2025;**

xvii. **Deposition of Venetian's corporate representative occurred on July 10, 2025;**

xviii. **Deposition of Plaintiff occurred on July 23, 2025.**

II. **DISCOVERY THAT REMAINS TO BE COMPLETED**

a. *Depositions*

i. **Plaintiff's deposition of the MGM Defendants' corporate representative;**

ii. **Additional fact witnesses identified by Plaintiff, including former Wynn employees Alicia Felix, Joe Rosa, and Michele Stephenson, as well as current and former Venetian employees Nick Coronado, Brian Nagel, Tony Whiddon, and Ted Wilkes;**

iii. **Defendants wish to depose additional fact witnesses identified as a result of Plaintiff's July 23, 2025 deposition, including Doug Gillespie, Kathy Hui, James Wallace, Jeff Wallace, Deanna O'Dell, Amanda O'Connor, and at least one individual whose name has not**

**yet been fully disclosed;**

iv. Expert witnesses for all parties following initial and rebuttal disclosures.

b. *Written Discovery and Productions*:

i. MGM Defendants' supplemental productions as a result of numerous meet and confers with Plaintiff's counsel;

ii. Plaintiff's full ESI productions after further review of hit reports and refinement of terms/custodians;

iii. Additional supplemental disclosures, as needed;

iv. Initial and rebuttal expert reports;

v. Non-party responses to outstanding requests for production;

vi. Additional non-party requests for production following review of Plaintiff's production and finalized version of Plaintiff's deposition transcript;

**vii. Additional interrogatories to Plaintiff following review of Plaintiff's production and finalized version of Plaintiff's deposition transcript;**

**viii. MGM Defendants' forthcoming redaction log;**

ix. Additional non-party requests for production following review of Plaintiff's production and Plaintiff's deposition (the MGM Defendants intend to serve additional non-party subpoenas in the immediate future);

x. Wynn Las Vegas, LLC's Responses to Plaintiff's Third Set of Requests for Production of Documents, due August 11, 2025;

xi. Wynn Las Vegas, LLC's Responses to Plaintiff's Second Set of Interrogatories, due August 11, 2025;

xii. Defendant MGM Resorts International's Responses to Plaintiff's Third

Set of Requests for Production of Documents, due August 18, 2025;

xiii.   Defendant New York-New York Hotel & Casino, LLC's Responses to Plaintiff's Third Set of Requests for Production of Documents, due August 18, 2025;

xiv.   Defendant Venetian Las Vegas Gaming, LLC's Responses to Plaintiff's Third Set of Requests for Production of Documents, due August 18, 2025;

xv.    Defendant Aria Resort & Casino, LLC's Responses to Plaintiff's Fourth Set of Requests for Production of Documents, due August 18, 2025.

### III.   **DISCOVERY DELAYS**

Despite the Parties' diligent efforts, ESI searches have been delayed in this case. As explained in the Parties' prior extension request, given the amount of time that has passed since Plaintiff's allegations, many of the possible witnesses and/or custodians that may have had potentially responsive information are no longer employees at the named entities. MGM Defendants engaged in a months-long process to not only identify the individuals with potentially responsive information employed during Plaintiff's alleged trafficking period, but also determine what (if any) data for them still exists in MGM Defendants' possession, custody, and control. Following an extensive meet and confer process with Plaintiff, MGM Defendants produced numerous custodial documents and correspondence. MGM Defendants are now reviewing and have agreed to produce reports related to incidents concerning alleged human trafficking, commercial sex, or prostitution at the two properties named in this litigation. MGM Defendants produced a summary report of such incidents, but have since engaged in the manual extraction process of the underlying incident reports and attachments from the MGM Defendants' incident reporting system. Such a manual process was required as a result of the gap in time between the events at issue in Plaintiff's Complaint and the present. MGM Defendants are working toward and intend to produce these documents in short order.

The Wynn Defendants have proactively engaged in discovery, diligently addressing challenges in identifying and collecting relevant materials from the applicable timeframe. To date, they have produced numerous documents and correspondence, and have maintained regular, productive discussions with Plaintiff over several months to refine search parameters. The Wynn Defendants have completed three rounds of custodian email review, resulting in the collection, processing, review, and production of additional ESI from a pool of hundreds of custodians and various non-custodial source, and have produced 5,137 pages of responsive documents. Currently, the Wynn Defendants are preparing responses to Plaintiff's recent interrogatory and document requests, which require further review of emails, shared repositories, training materials, internal policies, and guest review information (the latter of which was not previously subject to discovery). Plaintiff has also requested depositions of several former Wynn employees, whom the Wynn Defendants are actively working to locate and will coordinate with Plaintiff once identified. Throughout this process, the Wynn Defendants have acted diligently and kept Plaintiff's counsel fully informed of all developments.

Furthermore, as a result of the delay in custodial productions, third-party and non-party discovery have been similarly delayed. Venetian has already served sixty-five non-party subpoenas requesting the production of documents. Venetian has already received forty responses, which it supplied to all Parties, and it expects to receive more over the next 30 days. The Parties anticipate such productions to contain materials relevant to the upcoming deposition requests and will inform additional discovery to be served on the other Parties.

Therefore, good cause exists for this extension, as all the Parties have been diligent in their efforts to move forward with discovery, and many delays were beyond the Parties' control. The parties materially advanced document production—which remains ongoing—and are now in the process of gathering relevant fact information from witnesses. These circumstances warrant an extension to ensure discovery is completed properly and in accordance with the rules governing full and fair disclosure.

A 90-day extension is warranted in light of the ongoing delays and complexities associated

with the parties' document productions and discovery efforts. Despite diligent and sustained activity—including multiple rounds of supplemental disclosures, extensive written discovery, and the completion of several key depositions—significant discovery remains outstanding. The parties are still awaiting supplemental productions from several defendants and non-parties, who are actively working to fulfill these requests, and must complete additional written discovery, ESI review, and depositions of at least 13 newly identified fact witnesses. Absent the information produced by these additional witnesses, counsel will be unable to fully develop the factual record or adequately prepare expert disclosures. The current expert disclosure deadline of August 22, 2025, does not provide sufficient time for the parties to complete these depositions or to review and analyze the anticipated influx of new evidence generated by them. Granting the requested extension will ensure that all parties have access to the necessary discovery before proceeding with expert reports, thereby safeguarding the integrity of the process and preventing incomplete or rushed proceedings.

IV.    **PROPOSED MODIFICATION**

| Task | Current Deadline | Deadline Sought |
|---|---|---|
| Initial Experts | August 22, 2025 | November 20, 2025 |
| Rebuttal Experts | September 22, 2025 | December 21, 2025 |
| Discovery Cutoff | October 21, 2025 | January 19, 2026 |
| Dispositive Motions | November 21, 2025 | February 19, 2026 |
| Joint Proposed Pretrial Order | December 22, 2025 (or 30 days after resolution of dispositive motions) | March 22, 2026 (or 30 days after resolution of dispositive motions) |

IT IS SO ORDERED.
Dated: August 1, 2025

Nancy J. Koppe
United States Magistrate Judge