# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| A.H., an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>WYNN LAS VEGAS, LLC, a Nevada Limited Liability Company, *et al.*,<br><br>    Defendants. | Case No. 24-cv-1041-GMN-NJK<br><br>**DECLARATION OF**<br>**MATTHEW D. SCHULTZ, ESQ.** |

I, Matthew D. Schultz, Esq., swear:

1. I am over the age of 18 and of sound mind to make this declaration.

2. I am counsel for Plaintiff A.H. in the above-captioned case.

3. After several comprehensive reviews of all documents produced by Wynn, Plaintiff's legal team has uncovered only one example of a transgender individual being mentioned in Wynn's production.

4. Following several comprehensive reviews of all documents produced by Defendant Wynn Las Vegas, LLC, Plaintiff's legal team has uncovered no examples of a BOLO being issued for a pimp who was not either suspected of theft or associated with a suspected prostitute who was suspected of theft.

5. Following several comprehensive reviews of all manuals produced by Defendant Wynn Las Vegas, LLC, Plaintiff's legal team has uncovered no indication in any of Wynn's manuals that a simple walk-out, if not accompanied by an ID check, would create any sort of log.

6. Attached hereto as Exhibit 4 is a true and correct copy of the rough transcript of the Rule 30(b)(6) deposition of Defendants MGM Resorts International and CityCenter, LLC in this matter. Plaintiff expects that the final, admissible transcript will match rough transcript and will be obtained prior to trial.

7. Attached hereto as Exhibit 7 is a true and correct copy of a photograph of Plaintiff's injuries before her skin grafts, produced in discovery in this matter a

1

1  A.H. 147.

2      8.    Attached hereto as Exhibit 8 is a true and correct copy of a photograph of Plaintiff's injuries shortly after her skin grafts, produced in discovery in this matter as A.H. 215.

    9.    Attached hereto as Exhibit 9 is a true and correct copy of a photograph of Plaintiff's hand shortly after her finger was amputated, produced in discovery in this matter as A.H. 4.

    10.    Prior to trial, Plaintiff will retain an expert witness who will provide testimony substantially identical to the cited portions of the authoritative source document attached hereto as Exhibit 11.

    11.    Prior to trial, Plaintiff will retain an expert witness who will provide testimony substantially identical to the cited portions of the authoritative source document attached hereto as Exhibit 12.

    12.    Prior to trial, Plaintiff will retain an expert witness who will provide testimony substantially identical to the cited portions of the authoritative source document attached hereto as Exhibit 13.

    13.    Prior to trial, Plaintiff will retain an expert witness who will provide testimony substantially identical to the cited portions of the authoritative source document attached hereto as Exhibit 14.

    14.    Prior to trial, Plaintiff will retain an expert witness who will provide testimony substantially identical to the cited portions of the authoritative gambling history titled "Suburban Xanadu" by Dr. David Schwartz.

    15.    Prior to trial, Plaintiff will retain an expert witness who will provide testimony substantially identical to the cited portions of the authoritative history of Las Vegas titled "What Really Happens in Las Vegas" by James Patterson and Mark Seal.

    16.    Prior to trial, Plaintiff will retain an expert witness who will provide testimony substantially identical to the cited portions of the authoritative history of

the Las Vegas sex trade titled "Skin City: Behind the Scenes of the Las Vegas Sex Industry" by Jack Sheehan.

17. Attached hereto as Exhibit 15 is a true and correct copy of a press release by the Las Vegas Convention and Visitors Authority, a political subdivision of the State of Nevada. This press release is amenable to judicial notice as an official government publication, and Plaintiff requests that the Court take such notice. *See McGhee v. City of Flagstaff*, No. CV-20-8081-PCT-GMS, 2020 U.S. Dist. LEXIS 81370, at *6 (May 8, 2020).

18. Attached hereto as Exhibit 16 is a series true and correct copies of official quarterly "Marketing Bulletins" of the Las Vegas Convention and Visitors Authority, a political subdivision of the State of Nevada. These "Marketing Bulletins" are amenable to judicial notice as official government publications, and Plaintiff requests that the Court take such notice. *See McGhee*, 2020 U.S. Dist. LEXIS 81370, at *6.

19. Attached hereto as Exhibit 17 are true and correct copies of two Form 8-K filings by Wynn Resorts, Ltd. These documents are amenable to judicial notice as SEC filings, and Plaintiff requests that the Court take such notice. *See Watt v. Block*, No. 24-cv-867-LL-DDL, 2024 U.S. Dist. LEXIS 211534, at *8 (S.D. Cal. Nov. 20, 2024).

20. Prior to trial, Plaintiff will obtain admissible evidence of the facts for which Exhibits 18 and 19 are cited by stipulation with Defendants or via Requests for Admission, which Plaintiff has recently served.

21. Prior to trial, Plaintiff will retain an expert witness who will provide testimony substantially identical to the cited portions of the authoritative source document attached hereto as Exhibit 20.

22. Attached hereto as Exhibit 21 is a placeholder cover sheet for an electronically stored video that is being submitted to the Court under provisional seal, as explained in Plaintiff's contemporaneously filed Motion to Seal and Notice of

1  Manual Filing. The video being submitted thus is a true and correct copy of a video
2  that was produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates
3  number Wynn A.H. 153.

4    23.   Attached hereto as Exhibit 22 are true and correct copies of documents
5  produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers
6  WYNN_A.H._00006659– WYNN_A.H._00006670; WYNN_A.H._00006724–
7  WYNN_A.H._00006730.

8    24.   Attached hereto as Exhibit 23 is a true and correct copy of the document
9  produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers
10 WYNN_A.H._00000034– WYNN_A.H._00000035.

11   25.   Attached hereto as Exhibit 24 is a true and correct copy of the document
12 produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers
13 WYNN_A.H._00000656–WYNN_A.H._00000670.

14   26.   Attached hereto as Exhibit 25 is a true and correct copy of the document
15 produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers
16 WYNN_A.H._00000154–WYNN_A.H._00000655.

17   27.   Attached hereto as Exhibit 26 is a true and correct copy of the document
18 produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers
19 WYNN_A.H._00006328–WYNN_A.H._00006481.

20   28.   Attached hereto as Exhibit 27 is a true and correct copy of the document
21 produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers
22 WYNN_A.H._00003741–WYNN_A.H._00003752.

23   29.   Attached hereto as Exhibit 28 is a true and correct copy of the document
24 produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers
25 WYNN_A.H._00002487–WYNN_A.H._00002679.

26   30.   Attached hereto as Exhibit 29 is a true and correct copy of the document
27 produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers
28 WYNN_A.H._00002680–WYNN_A.H._00003183.

31. Attached hereto as Exhibit 30 is a true and correct copy of the document produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers WYNN_A.H._00003184–WYNN_A.H._00003414.

32. Attached hereto as Exhibit 31 is a true and correct copy of the document produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates number WYNN_A.H._00004284.

33. Attached hereto as Exhibit 32 is a true and correct copy of the document produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates number WYNN_A.H._00004631.

34. Attached hereto as Exhibit 33 is a true and correct copy of the document produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates number WYNN_A.H._00004327.

35. Attached hereto as Exhibit 34 is a true and correct copy of the document produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates number WYNN_A.H._00004474.

36. Attached hereto as Exhibit 35 are true and correct copies of the documents produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers Wynn A.H. 733–34, 2773, 2867-2869, 2888-2890, 3053, 3061, 3071, 3408, 3733, 3938, 4275, 4279, 4285, 4311–4312, 4343.

37. Attached hereto as Exhibit 36 are true and correct copies of the documents produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates numbers Wynn A.H. 3033, 3035, 3322–3325, 4311–4312.

38. Attached hereto as Exhibit 38 is a true and correct copy of the document produced to Plaintiff by Defendant Wynn Las Vegas, LLC under the Bates number WYNN_A.H._00006626.

39. Attached hereto as Exhibit 41 is a true and correct copy of discovery requests that Plaintiff has recently served in this matter.

40. In this action, Defendant Wynn Las Vegas, LLC (hereinafter sometimes

"Wynn") has so far produced only incident reports containing the word "prostitution" (but not, for example, "prostitute," "hooker," "escort," "call girl," or "trick roll") in the "Narrative" section of the report. The produced reports show that the word "prostitution" is not used as part of any standard phraseology and so does not appear in all relevant reports.

41. It is likely that the reports produced to date are a representative sample, but Plaintiff expects that Wynn will argue otherwise.

42. Wynn's production contains numerous references to relevant incident reports that were not themselves produced because they did not contain the word "prostitution." Plaintiff expects that searching these new key words, which frequently appear in the reports produced to date, will produce enough relevant reports to create an indisputably representative sample showing Wynn's de facto policies in action.

43. Plaintiff has served an Interrogatory seeking an explanation of Wynn's decision to override policy and not trespass a sex buyer who was arrested on their property, as well as a Request for Production seeking all documents referencing this individual. Plaintiff expects that this these requests will show that Wynn refrained from trespassing this individual because it valued his business and wished to further profit from his visits, even if that meant enabling sex tourism.

44. Plaintiff has also requested personnel and disciplinary records, including information about whether any employees were terminated or disciplined for facilitating or ignoring prostitution. Those records will demonstrate whether Wynn had meaningful enforcement policies or (as the evidence to date suggests) simply tolerated misconduct.

45. Likewise, requests for internal communications and "shop reports" are designed to reveal what management knew about specific prostitution incidents and how they internally discussed those matters. This information is crucial to understanding Wynn's awareness of the problem and its decision-making in response to it.

46. Other outstanding discovery goes to Wynn's business practices and culture. Plaintiff has requested information about Wynn's in-room sales of sexual paraphernalia—another way in which Wynn financially benefits from sex trafficking. Plaintiff's counsel has learned that Wynn actually includes a "sex mini bar" in its hotel rooms, and that johns could thus pay Wynn for condoms and lube from the privacy of their rooms.

47. Plaintiff is also serving discovery on internal marketing materials using slogans like "What Happens Here, Stays Here," and incident videos related to known trafficking episodes. These materials will help show whether Wynn cultivated an atmosphere that encouraged sex tourism and whether it benefitted from that activity.

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S. C. § 1746 that the foregoing is true and correct.

Dated:  November 7, 2025

/s/ *Matthew D. Schultz*
MATTHEW D. SCHULTZ, ESQ.