# EXHIBIT 37



| | LAS VEGAS METROPOLITAN POLICE DEPARTMENT
POLICY AND PROCEDURE |
|---|---|
| Policy: | 4.142, *Citizen's Arrest, Summons in Lieu of Arrest (SILA), In-Custody Trespass, and Order Out* |
| Volume: | 4 - Field Operations |
| Chapter: | 1 - Patrol |
| Revised: | 1/2025, 10/2025 |

## 4.142  CITIZEN'S ARREST, SUMMONS IN LIEU OF ARREST (SILA), IN-CUSTODY TRESPASS, AND ORDER OUT

4.142.1   Citizen's Arrest
4.142.2   Summons in Lieu of Arrest (SILA)
4.142.3   In-Custody Trespass
4.142.4   Order Out

### 4.142.1   Citizen's Arrest

Responding officers will ensure the arrest is lawful prior to handcuffing and searching an individual. However, if it can be articulated that a suspect is armed and dangerous, then the officer may perform a pat-down. Officers will conduct a preliminary investigation to ensure there is probable cause for the arrest and will contact a supervisor immediately if a citizen insists upon proceeding with an arrest deemed unlawful.

**Procedure**

Transporting officer will:

1. Ensure the arrest is lawful as outlined in Nevada Revised Statutes (NRS) 171.126.

2. Complete an Incident Crime Report (ICR) in PremierOne (P1) and obtain the following documentation ensuring completeness and accuracy:

    a. Declaration of Citizen's Arrest (LVMPD 16)

    b. Criminal Complaint form (LVMPD 19, 40, or 106) (the form used will vary depending on the crime committed)

    c. Temporary Custody Record (TCR) (LVMPD 22) or Electronic Temporary Custody Record (ETCR)

    d. Voluntary Statement (LVMPD 85) (obtained from any victims/witnesses)

        1) A Voluntary Statement must be obtained from any persons involved in the incident but is not required by detention personnel when booking a subject.

3. Transport arrestee to the detention facility.

4. Provide detention personnel with a completed TCR/ETCR.

    a. The TCR/ETCR generated from charges for the arrest made by the citizen must be separate from the TCR/ETCR generated from charges for the arrest made by the officer, if applicable.

5. Ensure that the ICR and Criminal Complaint form are completed prior to clearing from the call.

6. For events or information not covered in the ICR, complete an Officer's Report (LVMPD 82) on each citizen's arrest when circumstances warrant documentation.

Detention personnel will:

| 4.142 | LAS VEGAS METROPOLITAN POLICE DEPARTMENT<br>POLICY AND PROCEDURE<br>Citizen's Arrest, Summons in Lieu of Arrest (SILA), In-Custody Trespass, and Order Out | Effective: 10/2025 |
|---|---|---|

1. Receive the subject and the TCR/ETCR, and book into the detention facility accordingly.

### 4.142.2    Summons in Lieu of Arrest (SILA)

It is the policy of this department to support the prosecution of persons detained by private businesses for in-custody low risk misdemeanor incidents. When suspects meet specific criteria, the department will provide information that can be legally disclosed to the businesses for successful prosecution through the complaint and summons process. Officers will not be routinely dispatched to these incidents.

**General**

Certain businesses have agreed to handle in-custody low risk petit larceny, trespass, and defrauding an innkeeper incidents without police response. Personnel at these businesses, who are responsible for security and loss prevention, will be given instructions for handling these cases through the complaint and summons process. After reporting an incident that meets the established criteria, they will receive an event number and will complete the required documentation and forward it to their respective area command, Community Oriented Policing (COP) Unit. They will also provide copies of reports and prosecutor contact information to the suspects.

The area commands will train personnel responsible for security and loss prevention, or others in their respective areas, in the proper completion and submittal of reports. They will also serve as a liaison between the businesses and the prosecuting agencies. A list of participating businesses is available on the LVMPD network (w:\Records SILA). This list is updated regularly by the Records and Fingerprint Bureau, Administrative Support Unit, so it should not be printed and posted to avoid confusion.

**Procedure**

Area command personnel (or Records and Fingerprint Bureau [RFB] personnel after hours) will:

1. Receive a call from a business reporting a petit larceny, trespass, or defrauding an innkeeper incident with a suspect who is in custody.

2. Verify the business and security/loss prevention staff member calling is one that handles its own in-custody incidents and is willing to prosecute. When the area commands are closed, RFB will receive the calls and verify the business calling, and the requester's name, date of birth (DOB), and the last four digits of their Social Security number (SSN).

3. Ensure the subject was detained without physical force, is identifiable, and clearly not under the influence of drugs or alcohol.

4. If the subject does not meet the SILA program criteria, forward the call to the Communications Bureau.

5. Check the National Crime Information Center (NCIC) system, Nevada Criminal Justice Information Systems (NCJIS), and SCOPE for warrants on the subject in custody.

6. Create an event number for the specific crime and issue the event number and the subject's SCOPE ID number to the caller if officers are not required to respond. The event is closed out disposition "E-Easy" with no officer responding.

7. Advise the requester that the SILA program is not applicable and forward the call to Communications if the suspect is wanted, combative, unidentifiable, or incoherent.

Communications will:

| | LAS VEGAS METROPOLITAN POLICE DEPARTMENT | |
|---|---|---|
| **4.142** | **POLICY AND PROCEDURE** | |
| | Citizen's Arrest, Summons in Lieu of Arrest (SILA), In-Custody Trespass, and Order Out | Effective: 10/2025 |

1. Receive a phone call if the subject is not eligible for SILA.

2. Handle the incident as a misdemeanor in-custody citizen's arrest.

3. Inform the business caller as to whether an officer will respond.

Officer will:

1. Not respond to SILA calls for service. If ineligible for SILA, the officer will receive and handle dispatched call as a misdemeanor in-custody citizen's arrest (see the Citizen's Arrest section in this policy).

Area command COP Unit will:

1. Review the SILA packets submitted from business representatives for completeness and accuracy. COP reviewer will apply approval signature to the documents where appropriate.

2. Enter handwritten ICR into P1 then forward the report to area command front office staff. Date of entry will be completed at a maximum of 15 days from date of the incident report.

Area command scanning personnel will:

3. Receive SILA packet from COP Unit and prepare and scan documents into OnBase.

4. Upon completion of entry into P1, receive handwritten ICR from COP Unit.

Document and Report Management (DRM) Section personnel will:

5. Ensure prosecution packages for the City Attorney are completed by electronic workflow within OnBase.

6. Verify that prosecution packages for the District Attorney (DA) are completed, hard copies printed from OnBase, and forwarded to the DA.

### 4.142.3   In-Custody Trespass

**General**

An in-custody trespass is a call from a community partner needing assistance from LVMPD in an effort to keep the community safe. When a property is open to the public, and a subject does not have lawful business with the property owner or an occupant, the subject can be asked to leave by the property owner or designee. This can be done verbally or in writing, as outlined in NRS 207.200. If a subject is asked to leave a property and refuses, then they may be detained while waiting for law enforcement to arrive, regardless of the offense (see the Citizen's Arrest section in this policy).

Several properties under a single proprietor may be considered one property (i.e., Caesars Entertainment owns Harrah's, Paris, Caesars Palace, etc.). The property representative must specifically advise subjects if a trespass warning applies to any other affiliated properties at the time the warning is issued.

**Definitions**

property                Any privately owned building or land that is open to the public.

| 4.142 | **LAS VEGAS METROPOLITAN POLICE DEPARTMENT**<br>**POLICY AND PROCEDURE**<br>*Citizen's Arrest, Summons in Lieu of Arrest (SILA), In-Custody Trespass, and Order Out* | Effective: 10/2025 |
|---|---|---|

| property representative | An individual who has the authority to issue a trespass warning on behalf of the property owner. |
|---|---|
| trespass | When an individual is asked to leave a property by the owner or an occupant verbally, or in writing, and refuses. |
| habitual trespasser | A person who has been warned and trespassed at the same property 10 or more times. |

**Procedure**

Property Owner or Representative

When asked to leave a premises, a subject must be given an opportunity to leave by the property owner or representative. If a subject is advised that they are no longer permitted on the premises and leaves, then no crime has been committed and the subject will not be detained. If after warned, the subject refuses to leave, then a crime has been committed. The property owner or representative can then make a citizen's arrest by detaining the subject and calling for law enforcement assistance.

Law Enforcement Action

For an in-custody citizen's arrest (i.e., trespass at a hotel/casino), the following procedure will take place:

Communications call taker will:

1. Receive call from a property owner or representative for a subject in custody.

2. Determine the type of assistance needed.

3. Verify the location of the security office where the subject is being detained.

4. Inquire as to the subject's behavior.

    a. If combative, change the priority of the call to a Priority 1.

5. Obtain information on the subject:

    a. Name, DOB, and SSN (if available)

    b. Any previous trespasses that have occurred within three years and if they are a habitual trespasser

Officer will:

1. Confirm the information was already entered into the computer-aided dispatch (CAD) system.

2. Review the documentation provided by the property representative to include:

    a. Dates and times the subject was previously trespassed.

    b. Specific documentation verifying habitual trespass history, if applicable.

3. Determine how the trespass warning was issued (i.e., in writing or verbally as defined in NRS 207.200).

| 4.142 | **LAS VEGAS METROPOLITAN POLICE DEPARTMENT**<br>POLICY AND PROCEDURE | |
|---|---|---|
| | Citizen's Arrest, Summons in Lieu of Arrest (SILA), In-Custody Trespass, and Order Out | Effective: 10/2025 |

      a. Verify if there is any video or surveillance evidence to confirm the subject has been previously trespassed.

4. Assist the property owner or representative with a citizen's arrest (see Citizen's Arrest section in this policy).

    a. If the in-custody subject is a habitual trespasser, then an arrest will be made, unless a medical condition prevents transportation to a detention facility.

5. Issue a citation or make an arrest if the subject has been trespassed within the last three years, even if there is no documentation provided to support that the subject is a habitual trespasser.

    a. The subject will not be released with only a warning.

6. Complete a citizen's citation or citizen's arrest for all other misdemeanor acts constituting trespass not committed in the officer's presence.

7. Complete a report in P1.

8. Only at the request of the property owner or representative, complete an LVMPD Red Card to provide documentation of the trespass.

9. In circumstances where an arrest has not been made, notify the on-duty supervisor, and document the details in CAD.

Patrol supervisor will:

1. Ensure calls for trespass or Order Out Corridor orders are handled and responded to in a timely manner.

2. Contact the property owner or representative for in-custody trespass calls holding for 60 minutes or longer.

3. Assess the number of in-custody calls to determine the need for additional prisoner transport vans or assistance from Clark County Detention Center (CCDC).

### 4.142.4    Order Out

It is the policy of the department to respect citizens' and tourists' right to freely travel upon public thoroughfares. Order Out Corridor ordinances enacted by Clark County (County Code 12.02.010 to 12.02.030) and the City of Las Vegas (Municipal Code 10.36.050) assert that people who commit certain crimes within the designated areas may best be deterred from committing additional crimes by prohibiting them from entering the corridor boundaries for up to one year.

The ordinances authorize Justice Court and Municipal Court to issue an Order Out upon conviction of a crime with possible conditions stipulated by the courts (e.g., guilty plea, deferred adjudication). The court order may contain exemptions that allow the individual to enter the corridor (e.g., work, to obtain medical services, to attend religious services, public transportation, etc.). If the individual violates the order, they will be arrested for a misdemeanor in compliance with NRS 171.1771 2(b)(2).

Officers who become aware of repeat offenders inside the Strip corridor boundaries may request an Order Out through the District Attorney's (DA's) Office (for direction on downtown Las Vegas Order Outs, see this

| 4.142 | **LAS VEGAS METROPOLITAN POLICE DEPARTMENT** **POLICY AND PROCEDURE** *Citizen's Arrest, Summons in Lieu of Arrest (SILA), In-Custody Trespass, and Order Out* | Effective: 10/2025 |
|---|---|---|

section in this policy). Order Outs are aimed to prevent future criminal conduct inside the corridor boundaries and will not be used to punish anyone for isolated events. Order Outs are a powerful tool with significant constitutional implications and will not be sought without proper justification. Therefore, officers must articulate compelling factors in the Order Out request (e.g., the defendant's criminal history, especially in the corridor; why the defendant's misconduct in the corridor is likely to continue, habitual trespassers, etc.).

Officers will document in the Declaration of Arrest Report (DOAR) factors that will aid the courts in issuing Order Outs to qualifying offenders as well as complete the Resort Corridor Order Out Report (LVMPD 1075). Justification for an arrest where discretion is permitted must adhere to LVMPD 4.136, *Misdemeanor Citation and/or Arrest*.

Some examples of information to include in the DOAR:

1. Trespass (number of times, when, where, and time spans)
2. Prostitution/loitering/pandering
3. Aggravated assault/weapon offenses
4. Dates/times/locations of repeat offenses and prior conviction
5. Larceny
6. Burglary/theft (auto, retail, etc.)
7. Sale/use of drugs

**How to Submit a Strip Order Out Request**

Officers will:

1. Access the request on the MetroWeb homepage under Applications and click Arrest Packet.
2. Choose "Create" (TCR/DOAR are checked by default).
3. Check Liaison Notes to attach applicable documentation to assist with the Order Out request.
4. Complete all five tabs (Arrestee Info, Arrest Details, Charges, DOAR Details, DA Liaison Notes).
5. In the DA Liaison Notes section, fill in all required fields.
    a. In the Note section, type "CANDIDATE FOR ORDER OUT."
6. After the reports are completed and submitted, officers will receive a Transaction ID and confirmation of what forms were submitted.
7. Click on View Documents to print for use at the booking counter.

**Order Out Records Entry**

Upon receipt of a signed Order Out from the DA's Office, the RFB SCOPE Unit will:

| 4.142 | **LAS VEGAS METROPOLITAN POLICE DEPARTMENT** <br> **POLICY AND PROCEDURE** <br> *Citizen's Arrest, Summons in Lieu of Arrest (SILA), In-Custody Trespass, and Order Out* | Effective: 10/2025 |
|---|---|---|

1. Retrieve the signed order from the ▇LEP▇@lvmpd.com email folder and complete the entry into SCOPE II.

    a. Enter the information contained within the order into the Misdemeanor Warning Module of SCOPE II, utilizing the type of Order Out.

    b. Any conditions/exceptions of the order will be listed in the comments section of the module. If no conditions/exceptions are noted on the order, the verbiage "NO EXCEPTIONS" will be added.

    c. Include the expiration date on the order.

    d. Add a caution of "CURRENT ORDER OUT IN EFFECT."

2. Scan the order into OnBase.

**Downtown Las Vegas Order Outs**

The Las Vegas City Attorney's Office determines whether to seek an Order Out for a subject in its jurisdiction. If a Las Vegas Municipal Court judge issues an Order Out, court personnel will enter the information contained in the order into SCOPE with the designation "DOWNTOWN ORDER OUT."

To verify Order Out status, officers can contact Municipal Court Pretrial Services (available 24/7) at ▇LEP▇ ▇LEP▇.

Officers in downtown Las Vegas who arrest repeat offenders will alert the City Attorney's Office by typing "CANDIDATE FOR ORDER OUT" atop the DOAR narrative.

**Enforcement of Order Outs**

If a subject with an Order Out is contacted within the corridor boundaries, whether taken into custody by a representative of a property or by law enforcement, officers will:

1. Verify in SCOPE that the subject has an active Order Out.

2. Check the expiration date and verify that exceptions do not exist. A person claiming an exemption will carry a copy of the order at all times they are located within the corridor.

3. Arrest for Order Out violation and any other applicable charges.

    a. A citation may be issued if the subject is released to a medical care provider.

4. If subject meets the criteria for a subsequent Strip Order Out request, complete Liaison Notes as directed above. (1/25, 10/25)■



# LEP
## Law Enforcement Privilege

The record(s) you seek are law enforcement records that contain sensitive information.

A law enforcement agency may withhold records under the Nevada Public Records Act when its interest in nondisclosure clearly outweighs the public's presumed right to access. *Reno Newspapers, Inc. v. Gibbons*, 127 Nev. 873, 880, 266 P.3d 623, 628 (2011). There is a presumption that records are not confidential, that exceptions must be narrowly construed, that redactions are preferred over withholding, and that the purpose of the Nevada Public Records Act is to facilitate government transparency. However, Nevada law and public policy recognize the importance of maintaining the integrity of law enforcement records. See, for example:

- NRS 179A.070 – 179A.100 (strictly regulating the dissemination of records of criminal history; in particular, there is no requirement to disseminate records of criminal history to the general public; moreover, records of criminal history are not public records pursuant to NRS 239.010(1) (listing statues that are exempted from the Nevada Public Records Act, including NRS 179A.070).

- *Donrey v. Bradshaw*, 106 Nev. 630, 636, 798 P.2d 144, 148 (1990) (in a public records case, recognizing that law enforcement files could be confidential when pertaining to a "pending or anticipated criminal proceeding" or if there is a danger of "denying someone a fair trial" and concluding that records could be made public because there was "no pending or anticipated criminal proceeding; there [were] no confidential sources or investigative techniques to protect; there was no possibility of denying someone a fair trial; and there was no potential jeopardy to law enforcement personnel." *Id.* at 636, 798 P.2d at 148.

- *Reno Newspapers v. Gibbons*, 127 Nev. 873, 878, 266 P.3d 623, 627 (2011). (recognizing that the balancing test first announced in *Donrey* had been modified by legislative changes to the Nevada Public Records Act, but nonetheless noting that the result in *Donrey* was "based on the facts that no criminal proceeding was pending or anticipated, no confidential sources or investigative techniques were contained in the

report, there was no possibility of denying anyone a fair trial, and disclosure did not jeopardize law enforcement personnel").

- NRS 49.335 – 49.355 (making the identity of informants who provide information to law enforcement confidential until they testify).
- *Las Vegas Metro. Police Dep't v. Anderson (In re 12067 Oakland Hills, Las Vegas*), 134 Nev. 799, 806, 435 P.3d 672, 678 (Nev. Ct. App. 2018) (noting that, generally, the police do not need to return evidence seized from its owner if the "property [is] related to an ongoing criminal investigation").
- Att. Gen. Op. 83-3 (recognizing the "legitimate public policy interests in maintaining confidentiality of criminal investigation records and criminal reports, including records concerning subjects who have never been arrested").
- Nev. Const., art. I, § 8A (Marsy's Law, constitutionalizing victims' rights to privacy, safety, and a diligent pursuit of justice).
- NRS 174.235 (making the disclosure of police files and evidence collected subject to strict discovery rules in open criminal prosecutions); *see also Tennessean v. Metro. Gov't of Nashville & Davidson Cty.*, 485 S.W.3d 857 (Tenn. 2016) (interpreting criminal rule of procedure similar to NRS 174.235 and holding that discovery of materials gathered by state for use in criminal prosecution may be obtained by defendant pursuant to rules of discovery, not by newspaper through a public records request); *Wilson v. Layne*, 526 U.S. 603, 119 S. Ct. 1692 (1999) (holding that when balancing a person's Fourth Amendment right to be secure in their persons, houses, papers, and effects, probable cause may justify a *police* entry and seizure but it does not justify the *media's* entry and/or seizure).
- NRS 179.045(4) (making search warrant applications, which regularly contain detailed facts gathered in open criminal investigations, confidential upon a showing of good cause).
- *In re Search Warrants Regarding Seizure of Documents*, 2023 WL 2861201 (Nev. Ct. App. 2023) (unpublished) (holding that good cause existed to keep search warrant application under seal because dissemination would threaten the integrity of an active and ongoing criminal investigation).
- NRS 172.245.  Evidence and information obtained by grand juries during their investigations are confidential. The purposes of confidentiality include: (1) To prevent the escape of those whose indictment may be contemplated. (2) To insure the utmost freedom to the grand jury in its deliberations and to prevent persons subject to indictment, or their friends, from importuning the grand jurors. (3) To prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it. (4) To encourage free

- and untrammeled disclosures by persons who have information with respect to the commission of crimes. (5) To protect an innocent accused, who is exonerated, from disclosure of the fact that he has been under investigation. *Shelby v. Sixth Judicial Dist. Court,* 82 Nev. 204, 210, 414 P.2d 942, 945 (1966).
- *Houston v. County of Maricopa*, --- F.4th ----, 2024 U.S. App. LEXIS 22564, 2024 WL 4048897 (9th Cir. Sep. 5, 2024) (holding that dissemination of a pretrial detainees' booking photo to the public is generally unconstitutional under the substantive due process clause of the 14th Amendment because it constitutes punishment without due process).

Given the totality of the law governing the disclosure of information concerning law enforcement records, the following non-exclusive factors are considered in evaluating whether law enforcement interests in confidentiality clearly outweigh the public's presumed interest in access:

- Whether protecting the integrity of the investigation better enables detectives and prosecutors to evaluate the credibility of any information that may come in the future. If a future witness were to know what other witnesses have said, or what other evidence has revealed, the future witness' statements will not be as reliable.
- Whether witnesses and informants have provided information that, if disclosed, could create danger or at least embarrassment to them.
- Whether any privacy interests and/or constitutional rights of any victims, witnesses, or subjects (including subjects never arrested) would be impacted by disclosure.
- Whether premature disclosure would have a chilling effect on future witnesses coming forward to provide information in this or other cases.
- Whether law enforcement officers have acted in an undercover capacity, or whether any witnesses have provided information as confidential informants.
- Whether disclosure would reveal confidential techniques or tactics that would risk enabling subjects to circumvent the law in the future.

In this case, after a careful examination of all factors, law enforcement's interest in nondisclosure clearly outweighs the public's presumed interest in access. Therefore, the information you seek is confidential.