UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

A.H.,

      Petitioner(s),

v.

Wynn Las Vegas, LLC, et al.,

      Respondent(s).

Case No. 2:24-cv-01041-GMN-NJK

ORDER

[Docket No. 129]

Pending before the Court is Plaintiff's motion to seal filed in relation to her response to a motion for summary judgment. Docket No. 129.[1] The motion to seal was filed as required by the stipulated protective order, but Plaintiff generally opposes sealing. *See id.* at 4. Defendant Wynn and the MGM Defendants filed responses. Docket Nos. 132, 133. No reply was filed. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to seal is **GRANTED** in part, **DENIED** in part, and **DEFERRED** in part.

I.    BACKGROUND

Plaintiff alleges that she was trafficked for commercial sex at the age of 18. *See* Docket No. 1-1 at 8. Plaintiff alleges this trafficking took place at the properties of Defendants. *See id.* at 8-10. Plaintiff filed suit in state court, bringing a claim under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595, and various claims under state law. Docket No. 1-1 at 99-109. Defendants Venetian Casino Resort and Las Vegas Sands removed the case to this Court on federal question jurisdiction. Docket No. 1.[2]

The parties have been engaged in summary judgment motion practice. Plaintiff's response to Wynn's motion for summary judgment includes exhibits that Plaintiff contends warrant secrecy.

---

[1] The native pagination in the papers at times differs from the CMECF pagination. The Court cites herein to the CMECF pagination.

[2] Defendants Venetian and Las Vegas Sands were later dismissed. Docket No. 70; *see also* Docket No. 181.

1

In addition, the response attaches some exhibits that were designated by the defense as confidential pursuant to the stipulated protective order, as well as references in the briefing to that information, prompting Plaintiff to file that information under seal on an interim basis and to file a motion to seal. *See* Docket No. 129; *see also* Docket Nos. 126, 127 (sealed filings). As the Court explained in conjunction with approving the protective order, there had been no showing, and the Court was not finding, that any specific documents are secret or confidential. Docket No. 68 at 1. The protective order merely provided the parties a mechanism by which they could designate material as confidential, but they are required to make a proper showing for sealing once that material is filed with the Court. *Id.* at 2. The Court therein further explained that, "[i]f the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing." *Id.*

## II.  STANDARDS

There is a strong presumption of public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[3] The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S.

---

[3] Whether a motion is "dispositive" for sealing purposes turns on whether it is "more than tangentially related to the underlying cause of action." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Motion practice on summary judgment is considered dispositive and related sealing requests are subject to the "compelling reasons" standard. *See, e.g., Empire Tech. Grp. Ltd. v. Light & Wonder, Inc.*, 705 F Supp. 3d 1181, 1189 (D. Nev. 2023).

589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The burden to show compelling reasons is not satisfied with conclusory assertions; rather, the movant must "articulate compelling reasons supported by *specific* factual findings." *Id.* at 1178 (emphasis added). The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182. Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.*; *see also, e.g.*, *Symeonides v. Trump Ruffin Commercial, LLC*, 789 F. Supp. 3d 1005, 1024 (D. Nev. 2025) (finding "generalized platitudes" of exposure of trade secrets did not establish compelling reasons for sealing). In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Any request to seal must be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). If any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must require that redactions be made rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011). Conclusory reference to difficulty in redaction is plainly insufficient. *See Foltz*, 331 F.3d at 1137 (chastising district court for providing "misleading" analysis in allowing sealing rather than redaction).

In resolving a request for secrecy of judicial filings, it is important to recognize that "[t]he right of access to court documents belongs to the public, and the [parties are] in no position to bargain that right away." *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999) (emphasis added); *see also, e.g.*, *Kamakana*, 447 F.3d at

1178-79 (the courts balance the interests of the public against the interest in the party seeking sealing). The facts that the parties agreed to a protective order and that a party designated materials as confidential pursuant to that protective order do not obviate the requirement to satisfy the governing standard with meaningful argument and an appropriate evidentiary showing. *See Foltz*, 331 F.3d at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Similarly, the fact that a sealing request may be made by stipulation, may be unopposed, or may not be opposed with well-developed argument is not a sufficient basis on which to permit secrecy. *Cross v. Walmart, Inc.*, 350 F.R.D. 395, 399 n.1 (D. Nev. 2025) (citing *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022)); *see also, e.g.*, *eBay Inc. v. Boch*, 2022 WL 1131720, at *1 n.1 (N.D. Cal. Mar. 21, 2022) (parties cannot stipulate to sealing).[4]

**III.   ANALYSIS**

The instant motion practice seeks secrecy for numerous materials, each of which will be addressed in turn below.

### A.   Exhibit 2

This exhibit is the transcript of Plaintiff's deposition. Docket No. 129-1. The redactions to the exhibit obscure Plaintiff's identity. *See id.* Compelling reasons support these redactions. *Cf. Doe v. United Airlines, Inc.*, 2018 WL 3997258, at *2 n.1 (D. Nev. Aug. 21, 2018).

### B.   Exhibit 3

This exhibit is the transcript of Wynn's Rule 30(b)(6) deposition. *See* Docket No. 127-2; *see also* Docket No. 129-2 (redacted). Plaintiff disputes that secrecy of this information is warranted. Docket No. 129 at 4. Wynn argues that redaction of the transcript is warranted as to confidential business information, including current policies and procedures that are protected

---

[4] The Court is aware that some lawyers misunderstand the sealing standards and some lawyers may believe that the standards are too onerous. *Cf. Internet Sports Int'l, Ltd. v. Amelco USA, LLC*, 2025 U.S. Dist. Lexis 7722, at *2-3 (D. Nev. Jan. 14, 2025). Regardless, the Court must apply the binding Ninth Circuit precedent instructing lower courts that they have a duty to protect the public's interest in transparency by conscientiously considering competing interests and articulating a sound factual basis in permitting secrecy. *See in re J&J Investment Litig.*, 2024 WL 5315339, at *1 n.2 (D. Nev. Dec. 12, 2024); *see also, e.g.*, *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (explaining that courts have an independent obligation to correctly identify and apply the law).

from public disclosure. Docket No. 133 at 4. Wynn filed a declaration attesting that public disclosure would compromise its security efforts and be competitively disadvantageous. Docket No. 133-1 at ¶ 4(a). Compelling reasons support these redactions. *See, e.g.*, *Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018).

### C.    Exhibit 4

This exhibit is the transcript of the MGM Defendants' Rule 30(b)(6) deposition. Docket No. 127-3. Plaintiff disputes that secrecy of this information is warranted. Docket No. 129 at 4. The MGM Defendants filed a response indicating that the transcript is subject to confidentiality protections during a 30-day period for review and designation. Docket No. 132. That response was filed on November 17, 2025. In the intervening motions, the MGM Defendants have not filed anything further explaining whether compelling reasons exist for secrecy. The MGM Defendants must file a supplement explaining why this document should not be unsealed.

### D.    Exhibit 5

This exhibit is the transcript of the Venetian's Rule 30(b)(6) deposition. Docket No. 127-4 (sealed version); *see also* Docket No. 129-4 (redacted version). Plaintiff disputes that secrecy of this information is warranted. Docket No. 129 at 4. The Venetian filed a notice that it consents to unsealing the deposition transcript in its entirety, Docket No. 134, but then filed an amended notice that it consents to unsealing only seven lines of the deposition transcript, Docket No. 135 ("Venetian consents to unseal the cited excerpt, page 32:4-11, of the deposition transcript"). The cited page is already on the public docket. *See* Docket No. 129-4 at 10. The pertinent question at this point is whether the existing redactions can be maintained or whether that information must be disclosed publicly by way of unsealing the unredacted exhibit. *See id.* at 18-22, 28. Given its vague filings, the Court cannot ascertain the Venetian's position. The Venetian must file a supplement explaining why this document should not be unsealed.

### E.    Exhibit 6

This exhibit consists of Plaintiff's medical records. Docket No. 127-5. The redactions obscure Plaintiff's identity. Docket No. 129-5. Compelling reasons support these redactions. *Cf. United Airlines*, 2018 WL 3997258, at *2 n.1.

F.      Exhibit 7

This exhibit is a photograph of Plaintiff's buttocks. Docket No. 127-6. Compelling reasons support sealing that photograph. *See, e.g.*, *Graff v. City of Vallejo*, 2025 WL 859857, at *1 (E.D. Cal. Mar. 19, 2025).

G.      Exhibit 8

This exhibit is another photograph of Plaintiff's buttocks. Docket No. 127-7. While compelling reasons might in general exist to support sealing that photograph as noted above, *see, e.g.*, *Graff*, 2025 WL 859857, at *1, Plaintiff also filed this image on the public docket, Docket No. 128 at 13. The Court cannot effectively make secret that which Plaintiff already placed in the public sphere. *See, e.g.*, *Victory Sports & Ent., LLC. v. Pedraza*, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019) (collecting cases). No compelling reasons shown, the Court will not seal this exhibit.

H.      Exhibit 10

This exhibit consists of Plaintiff's medical records. Docket No. 127-9. The redactions obscure Plaintiff's identity. Docket No. 129-8. Compelling reasons support these redactions. *Cf. United Airlines*, 2018 WL 3997258, at *2 n.1.

I.      Exhibit 21

This exhibit is an anti-trafficking training video that was submitted manually to the Clerk's Office. *See* Docket No. 129-9. Plaintiff disputes that secrecy of this information is warranted. Docket No. 129 at 4. Wynn previously designated the video as confidential, but does not now object to its public disclosure. Docket No. 133 at 2. No compelling reasons shown, the Court will not seal this exhibit.

J.      Exhibit 22

This exhibit consists of emails and attachments regarding security policies and procedures. Docket No. 127-21. Plaintiff disputes that secrecy of this information is warranted. Docket No. 129 at 4. Wynn argues that redactions are warranted to conceal the names and email addresses of its non-party employees given their own privacy interests. *See* Docket No. 133-1 at 3-4; *see also* Docket No. 133-2 (proposed redactions). While the Court is sensitive to the interests of non-

6

parties, the Court fails to discern (and Wynn fails to explain) how the mere public identification of a person as a Wynn employee is in any way detrimental to that employee. Wynn makes no showing that such disclosure would implicate the employees' reputation or professional/personal interests, or that such disclosure would subject the employees to harassment or other untoward behavior. Instead, the motion rests on generalized assertions of an interest in privacy. Such conclusory statements do not establish compelling reasons that outweigh the public's interest in disclosure. *See Cahill v. Non-Party Media Organizations Insider Inc.*, 2025 WL 841196, at \*2 (9th Cir. 2025) (affirming district court finding that asserted privacy interests of non-parties did not justify secrecy of employee names); *see also, e.g.*, *Empower Clinic Servs., LLC v. Legitscript LLC*, 2025 WL 1099105, at \*3 (D. Or. Apr. 11, 2025) (finding no basis from which to conclude that "a name standing alone categorically qualifies as sensitive personal information that meets the compelling reasons standard").[5]

Although Wynn did not provide an adequate factual basis for secrecy as to employee email addresses, the Court does on its own find that compelling reasons exist to redact that information. The public's interest in the email addresses of employees is less significant than the names themselves, and email addresses could be used as a vehicle for improper purposes, including harassment and phishing attempts. Compelling reasons have been found to seal non-party employee email addresses. *See, e.g.*, *Kurin, Inc. v. ICU Med., Inc.*, 2024 WL 5423824, at \*3 (C.D. Cal. Dec. 10, 2024).[6]

In short, compelling reasons justify redaction of non-party employee contact information, but not of employee names. Wynn must refile this exhibit with these more limited redactions.

K.     Exhibit 23

This exhibit consists of emails concerning a suspected prostitution-related incident. Docket No. 127-22. Plaintiff disputes that secrecy of this information is warranted. Docket No.

---

[5] The Court is aware of some case law from the district court level allowing redaction of non-party employee names, but the Court is more persuaded by the decisions identified herein.

[6] Although the focus herein is on email addresses, the Court also finds compelling reason to redact the other contact information provided, including telephone numbers.

129 at 4.  The arguments asserted by Wynn as to this document track those addressed above.  *See* Section III.J.  Accordingly, the Court finds sufficient justification for redactions regarding the identity and email address of the person suspected of prostitution-related activity, *see* Section III.P, as well as the contact information for the non-party Wynn employee, but the Court does not find compelling reasons to redact the name of the Wynn employee.  Wynn must refile this exhibit with more limited redactions.

        L.      Exhibit 24

This exhibit is Wynn's code of conduct and ethics.  Docket No. 127-23.  Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  Wynn previously designated the document as confidential, but does not now object to its public disclosure.  Docket No. 133 at 2.  No compelling reasons shown, the Court will not seal this exhibit.

        M.      Exhibit 25

This exhibit is Wynn's security operations manual.  Docket No. 127-24.  Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  Wynn previously designated the document as confidential, but does not now object to its public disclosure.  Docket No. 133 at 2.  No compelling reasons shown, the Court will not seal this exhibit.

        N.      Exhibit 26

This exhibit is Wynn's security policy and procedure manual.  Docket No. 127-25.  Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  Wynn previously designated the document as confidential, but does not now object to its public disclosure.  Docket No. 133 at 2.  No compelling reasons shown, the Court will not seal this exhibit.

        O.      Exhibit 27

This exhibit is Wynn's operational procedure manual for club security officers.  Docket No. 127-26.  Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  Wynn previously designated the document as confidential, but does not now object to its public disclosure.  Docket No. 133 at 2.  No compelling reasons shown, the Court will not seal this exhibit.

8

P.    Exhibit 28

This exhibit is a series of incident reports. Docket No. 127-27.   Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  Wynn asserts that secrecy is warranted given that the document includes personal identifying information.  Docket No. 133-1 at ¶ 5(a).  Wynn also asserts that full sealing, as opposed to redaction, is warranted given the "extensive nature of the PII," the length of the document, and that redaction would render the document "meaningless."  *See id* at ¶ 5.  Wynn further asserts that it seeks to protect the non-parties identified in the papers given the descriptions of the suspected or alleged criminal conduct therein.  *See id*. at ¶ 5(a).  Compelling reasons for sealing have not been shown and, consistent with controlling Ninth Circuit law, Wynn must instead file a redacted version of this exhibit.

The Court begins with the meaning of "personal identifying information" or "PII," which is a term used loosely at times by courts and parties.  For the purposes of sealing or redaction in federal court, personal identifying information generally encompasses social security numbers or taxpayer identification numbers, dates of birth, minors' full names, financial account numbers, and home addresses.  *See* Fed. R. Civ. P. 5.2(a); Local Rule IC 6-1(a).  As an overarching problem with its position, Wynn fails to recognize that this type of personal identifying information is already redacted within this exhibit.  *See, e.g.*, Docket No. 127-27 at 3 (redaction of date of birth and home address).  Hence, the undertaking of redacting personal identifying information as contemplated by the rules appears to be minimal or non-existent as that has already been done.  Wynn also argues that other information within this document, including the names and photographs of non-parties suspected of engaging in prostitution-related crimes, are sufficiently sensitive to warrant secrecy.  Docket No. 133-1 at ¶ 5(a).[7]  The Court agrees that these names should be redacted such that only initials remain visible to the public and that the faces in the

---

[7] Although not entirely clear, Wynn may also be arguing that non-party employee names should remain secret as to this document.  *See* Docket No. 133-1 at ¶ 5(a) (referencing in general terms non-parties and their privacy interests); *see also id.* at ¶ 4(c) (in relation to other documents, arguing that employee names should be kept secret).  While Wynn explains persuasively the compelling reasons for secrecy as to the identities of those suspected of involvement with criminal activity, it does not explain in any fashion why secrecy is warranted as to the names of Wynn employees.  As discussed in Section III.J, the Court does not find compelling reasons to justify secrecy of employee names.

photographs be partially redacted to obscure the persons' identities.  In short, the Court agrees that there is some information within this document for which compelling reasons warrant secrecy in the form of redactions.

Wynn asks to seal this document in its entirety, as opposed to redacting it, because it would be "impracticable" to comb the 194 pages of the exhibit for information subject to redaction. Docket No. 133-1 at ¶ 5(a).[8]  Particularly in cases with sophisticated parties represented by well-staffed attorneys, the effort to redact information within several thousand pages of documents does not amount to a compelling reason for sealing.  *See, e.g.*, *Nash v. Life Ins. Co. of N. Am.*, 2010 WL 2044935, at *1 (S.D. Cal. May 18, 2010) (rejecting sealing request predicated on effort to redact personal identifying information from 4,500 pages of documents).  Similarly, the effort in this case to provide redactions for 194 pages does not constitute a compelling reason for sealing.[9]  Wynn also contends that "[r]edacting all of the PII would leave no relevant information left in the document."  Docket No. 133-1 at ¶ 5(a).  No elaboration is articulated.  Upon the Court's own review, requiring redactions would leave meaningful information available to the public.

Accordingly, the Court finds sufficient justification for redactions as identified above, but those redactions can be achieved without undue burden while leaving meaningful information available to the public.  Compelling reasons for sealing this document have not been established. *See Foltz*, 331 F.3d at 1137.  Wynn must refile this exhibit with redactions.

---

[8] This exhibit is subject to motion practice elsewhere on the docket, wherein Wynn also argues in cursory manner that public disclosure "would put Wynn at a competitive [disadvantage] and risk reputational injury." *See, e.g.*, Docket No. 146 at 3.  Although not entirely clear, it appears that Wynn asserts that disclosure of documents regarding suspected prostitution activity at its property may tarnish its reputation among travelers to Las Vegas.  Such reasoning would not, as a matter of law, constitute a compelling reason for sealing. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records"). Moreover, reputational damage from public disclosure of this document would seem limited given that similar contentions are already in the public sphere. *See, e.g.*, Docket No. 1-1 at p. 8, ¶ 7 ("A.H. was regularly trafficked at Wynn Las Vegas").

[9] Wynn makes this argument for five documents, which collectively amount to roughly 800 pages.  The outcome is the same either taking these documents separately or collectively.

### Q.    Exhibit 29

This exhibit is a series of incident reports. Docket No. 127-28. Plaintiff disputes that secrecy of this information is warranted. Docket No. 129 at 4. The arguments asserted by Wynn as to this document track those addressed above. *See* Section III.P. Accordingly, the Court finds sufficient justification for redactions as identified above, but those redactions can be achieved without undue burden while leaving meaningful information available to the public. Compelling reasons for sealing this document have not been established. *See Foltz*, 331 F.3d at 1137. Wynn must refile this exhibit with redactions.

### R.    Exhibit 30

This exhibit is a series of incident reports. Docket No. 127-29. Plaintiff disputes that secrecy of this information is warranted. Docket No. 129 at 4. The arguments asserted by Wynn as to this document track those addressed above. *See* Section III.P. Accordingly, the Court finds sufficient justification for redactions as identified above, but those redactions can be achieved without undue burden while leaving meaningful information available to the public. Compelling reasons for sealing this document have not been established. *See Foltz*, 331 F.3d at 1137. Wynn must refile this exhibit with redactions.

### S.    Exhibit 31

This exhibit consists of emails concerning a suspected prostitution-related incident. Docket No. 127-30. Plaintiff disputes that secrecy of this information is warranted. Docket No. 129 at 4. The arguments asserted by Wynn as to this document track those addressed above. *See* Section III.J.[10] Accordingly, the Court finds sufficient justification for redactions of the contact information for the non-party Wynn employees, but the Court does not find compelling reasons to

___

[10] Wynn references a description of suspected criminal activity involving non-parties, Docket No. 133-1 at ¶ 4(c), but the email in question does not appear to identify either the alleged perpetrator or the alleged victim, *see* Docket No. 127-30. Hence, the Court addresses herein only the proposed redactions for Wynn employees.

11

redact the names of Wynn employees.[11]  Wynn must refile this exhibit with more limited redactions.

### T.    Exhibit 32

This exhibit consists of emails concerning suspected prostitution activity and response thereto.  Docket No. 127-31.  Plaintiff disputes that secrecy of this information is warranted. Docket No. 129 at 4.  The arguments asserted by Wynn as to this document track those addressed above. *See* Section III.J.  Accordingly, the Court finds sufficient justification for redactions to the contact information for non-party Wynn employees, but the Court does not find compelling to redact the names of Wynn employees.[12]  Wynn must refile this exhibit with more limited redactions.

### U.    Exhibit 33

This exhibit consists of an email concerning a suspected prostitution-related incident. Docket No. 127-32.  Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  The arguments asserted by Wynn as to this document track those addressed above. *See* Section III.J.  Accordingly, the Court finds sufficient justification for redactions to the contact information for non-party Wynn employees, but the Court does not find compelling reasons to redact the names of Wynn employees.  Wynn must refile this exhibit with more limited redactions.

### V.    Exhibit 34

This exhibit consists of an email concerning a managerial meeting.  Docket No. 127-33. Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  The arguments asserted by Wynn as to this document track those addressed above. *See* Section III.J. Accordingly, the Court finds sufficient justification for redactions to the contact information for

---

[11] Wynn has proposed redacting not only the names of actual Wynn employees, but also generic email groups identified by terms like "Casino Managers." *Compare* Docket No. 127-30 *with* Docket No. 133-4.  Compelling reasons are lacking for the latter redactions.

[12] Although Wynn provides no basis for doing so, it also seeks secrecy of a police officer's name. *See* Docket No. 133-1 at ¶ 4(d).  While there may be limited exceptions, the names of law enforcement officers are generally not secret from the public.  Indeed, the name and title of this particular officer appears in media available on the Internet.  The Court has been provided no reason to believe that compelling reasons exist for secrecy of the officer's name.

non-party Wynn employees, but the Court does not find compelling reasons to redact the names of Wynn employees.  Wynn must refile this exhibit with more limited redactions.

W.    Exhibit 35

This exhibit is an incident report and BOLO (be on lookout) notices.  Docket No. 127-34. Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  The arguments asserted by Wynn as to this document track those addressed above.  *See* Section III.P. Accordingly, the Court finds sufficient justification for redactions as identified above, but those redactions can be achieved without undue burden while leaving meaningful information available to the public.  Compelling reasons for sealing this document have not been established.  *See Foltz*, 331 F.3d at 1137.  Wynn must refile this exhibit with redactions.

X.    Exhibit 36

This exhibit is a BOLO (be on lookout) notice.  Docket No. 127-35.  The arguments asserted by Wynn as to this document track those addressed above.  *See* Section III.P. Accordingly, the Court finds sufficient justification for redactions as identified above, but those redactions can be achieved without undue burden while leaving meaningful information available to the public.  Compelling reasons for sealing this document have not been established.  *See Foltz*, 331 F.3d at 1137.  Wynn must refile this exhibit with redactions.

Y.    Exhibit 38

This exhibit consists of an email concerning a managerial meeting.  Docket No. 127-37. Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  The arguments asserted by Wynn as to this document track those addressed above.  *See* Section III.J. Accordingly, the Court finds sufficient justification for redactions to the contact information for non-party Wynn employees, but the Court does not find compelling reasons to redact the names of Wynn employees.  Wynn must refile this exhibit with more limited redactions.

Z.    Exhibit 39

This exhibit is Wynn's compilation of incident reports.  Docket No. 127-38.  Plaintiff disputes that secrecy of this information is warranted.  Docket No. 129 at 4.  Wynn indicates that

it never designated the exhibit as confidential and provides no basis for sealing. *See* Docket No. 133 at 2 n.1. No compelling reasons shown, the Court will not seal this exhibit.

AA.   Exhibit 41

This exhibit consists of written discovery requests that Plaintiff served on Wynn. Docket No. 127-40. Plaintiff indicates that the document was redacted to remove personal information of Wynn customers and information derived from documents designated by Wynn as confidential. Docket No. 129 at 2. Plaintiff disputes that secrecy of this information is warranted. *Id.* at 4. Wynn responds that it never designated any pertinent information as confidential. *See* Docket No. 133 at 2 n.1. The Court's own review also does not seem to show any specific Wynn customer information in this document.[13] No compelling reasons shown, the Court will not seal this exhibit.

**IV.    CONCLUSION**

For the reasons discussed more fully above, the motion to seal is **GRANTED** in part, **DENIED** in part, and **DEFERRED** in part. In particular, the Court orders that:

1.  The Clerk's Office is **INSTRUCTED** to unseal Docket No. 127-7, Docket No. 127-23, Docket No. 127-24, Docket No. 127-25, Docket No. 127-26, Docket No. 127-38, and Docket No. 127-40.

2.  The Clerk's Office is **INSTRUCTED** to treat the manually-filed video at Exhibit 21 as unsealed moving forward.

3.  The Clerk's Office is **INSTRUCTED** to continue maintaining under seal all other subject material except as specifically stated above.

4.  Wynn is **ORDERED** to file a notice attaching Exhibits 22, 23, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 38 with the redactions approved above. This notice must be filed by March 23, 2026.

5.  In addition to the above, the MGM Defendants are **ORDERED** to file a supplement explaining why their Rule 30(b)(6) deposition transcript (Docket No. 127-3) should not be unsealed. The Venetian is **ORDERED** to file a supplement explaining why its Rule

---

[13] Interrogatory No. 21 references a "male registered guest," but no identifying information appears to be provided. *See* Docket No. 127-40 at 6.

30(b)(6) deposition transcript (Docket No. 127-4) should not be unsealed. These supplements must be filed by <u>March 16, 2026</u>. Failure to file a supplement as ordered herein will result in unsealing of the subject exhibit(s) without further notice.

IT IS SO ORDERED.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

15