**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| A.H.,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>Wynn Las Vegas, LLC, et al.,<br><br>　　　　Defendant(s). | Case No. 2:24-cv-01041-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 138, 139, 140, 141] |

Pending before the Court are a motion to intervene, a motion to proceed using pseudonyms, a motion to unseal, and a motion to modify the protective order. Docket Nos. 138, 139, 140, 141; *see also* Docket No. 143 (sealed).[1] Defendant Wynn Las Vegas filed a response. Docket No. 149; *see also* Docket No. 151 (sealed). The MGM Defendants[2] also filed a response. Docket No. 152; *see also* Docket No. 153 (sealed). Intervenors[3] filed replies. Docket Nos. 160, 172; *see also* Docket Nos. 161, 173 (sealed).[4] The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion to intervene, **GRANTS** the motion to proceed using pseudonyms, **DENIES** as moot the motion to unseal, and **DENIES** the motion to modify the protective order.

**I.      BACKGROUND**

Plaintiff alleges that she was trafficked for commercial sex at the age of 18. *See* Docket No. 1-1 at 8. Plaintiff alleges this trafficking took place at the properties of Defendants. *See id.*

---

[1] The briefing has spawned several motions to seal, which the Court will address through separate orders.

[2] These defendants are MGM Resorts International, New York-New York Hotel & Casino, LLC, Aria Resort & Casino, LLC, City Center Land, LLC, and Aria Resort & Casino Holdings, LLC.

[3] Because the Court is granting the motion to intervene as explained below, it refers herein to Chloe C., Christina T., McKenzie Keller, Ellie H., and Gabby M. as "Intervenors."

[4] The native pagination in the motion practice sometimes differs from the CMECF pagination, and the Court herein cites to the CMECF pagination.

at 8-10.  Plaintiff filed suit in state court, bringing a claim under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595, and various claims under state law.  Docket No. 1-1 at 99-109.  Defendants Venetian Casino Resort and Las Vegas Sands removed the case to this Court on federal question jurisdiction.  Docket No. 1.[5]

Plaintiff is represented by attorneys with The702Firm and Hilton Parker LLC.  These firms also represent alleged sex trafficking victims in other lawsuits.  Some of the other alleged victims are now before the Court seeking to use discovery material from this case that was designated as confidential by Wynn and the MGM Defendants pursuant to the protective order.  That effort involves four separate, but related requests, that the Court will address in turn below.

## II.   MOTION TO PROCEED PSEUDONYMOUSLY

Some Intervenors seek to proceed using pseudonyms.  Docket No. 139.  Wynn does not oppose this request.  *See* Docket No. 149 at 3 n.2.  The MGM Defendants do not oppose this request as to the public disclosure of Intervenors' identities, but they argue that they themselves should know Intervenors' identities.  Docket No. 152 at 26.  Intervenors have agreed to disclose their identities to Defendants once appropriate safeguards are in place.  Docket No. 160 at 12.

Litigants generally must identify themselves in court filings pursuant to the Federal Rules of Civil Procedure and the public's common law right to access to judicial proceedings.  *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *Doe I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  Nonetheless, courts allow pseudonymity when special circumstances justify secrecy.  *Advanced Textile*, 214 F.3d at 1067.  "As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'"  *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1155 n. 1 (9th Cir. 2007)).  To determine whether to allow a litigant to proceed using a pseudonym, "a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to

---

[5] Defendants Venetian and Las Vegas Sands were later dismissed.  Docket No. 70; *see also* Docket No. 181.

such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042 (internal quotations omitted). The Ninth Circuit has identified three situations in which requests for pseudonymity have been granted: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Advanced Textile*, 214 F.3d at 1068. Courts routinely allow anonymity for litigants alleging that they are victims of sexual abuse. *See, e.g.*, *Doe v. United Airlines, Inc.*, 2018 WL 3997258, at *2 n.1 (D. Nev. Aug. 21, 2018).

Intervenors explain that their status as alleged sex trafficking victims subjects them to harassment, ridicule, and personal embarrassment. Docket No. 139 at 7. Intervenors also fear retaliation from both their alleged traffickers and their traffickers' associates, who may consist collectively of an organized network of dangerous persons. *See id.* Moreover, Intervenors explain that any prejudice to Defendants is minimal[6] and that the public interest weighs in favor of permitting them to proceed using pseudonyms. *Id.* at 7-8.

Intervenors' arguments are persuasive and they may proceed pseudonymously. Counsel must confer regarding appropriate safeguards for Intervenors' identities.

### III.    MOTION TO INTERVENE

Intervenors seek to intervene so that they may use documents designated as confidential pursuant to the protective order issued in this case.[7] Permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure generally requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action. *Garza v. County of Los Angeles,* 918 F.2d 763, 777 (9th

---

[6] As noted above, Intervenors have agreed to disclose their identities to Defendants subject to appropriate safeguards. Docket No. 160 at 12.

[7] Intervenors seek two distinct types of underlying relief: (1) to modify the protective order to allow sharing of designated material for purposes of other cases and (2) to unseal documents filed in relation to summary judgment motion practice. As will be discussed below, the request to unseal documents is moot, so the Court focuses herein on intervention for the purpose of seeking modification of the protective order.

Cir.1990). These requirements are relaxed when intervention is sought for the limited purpose of seeking modification of a protective order. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 473 (9th Cir.1992) (explaining that in this context "no independent jurisdictional basis is needed"). Indeed, the Ninth Circuit has signaled "wide approval" of permissive intervention to seek modification of a protective order. *Id.* While briefing and the resulting caselaw sometimes conflate the issues, it is important to recognize that "granting intervention does not imply that the protective order will be modified, but provides only that the intervenor may be heard on that subject." 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, FED. PRAC. & PROC. § 2044.1 (Suppl. Apr. 2025); *accord in re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 314 (D. Conn. 2009).

The Court agrees with Intervenors that they may seek modification of the protective order. While there may be some factual distinctions, Intervenors are alleged sex trafficking victims who have brought (or plan to bring) similar claims against Defendants.[8] The motion was not untimely. Several courts recognize that "timeliness concerns may be less significant when intervention is 'not on the merits, but for the sole purpose of challenging a protective order.'" *Commissioner, Ala. Dept. of Corrs. v. Advance Local Media, LLC*, 918 F.3d 1161, 1171 n.9 (11th Cir. 2019) (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)); *see also Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1354 (9th Cir. 2013) (affirming order allowing intervention years after case terminated). Defendants suggest intervention could have been sought sooner, but they have not presented circumstances showing that the motion should be denied as untimely.[9] Moreover, Defendants have not established

___

[8] The MGM Defendants contend that corporate knowledge does not suffice to prove a TVPRA claim and raise concerns that Intervenors' claims may relate to hotels that are different than the hotels in a different time period than the claims in this case. *See, e.g.*, Docket No. 152 at 13-14. Such arguments are better suited to addressing, after intervention is allowed, whether the protective order should be modified to permit discovery sharing. *See Foltz v. State Farm Mut. Auto. Inc. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) (requiring relevancy showing, which "hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings" (internal quotations omitted)).

[9] Notably, Defendants argue inconsistently that the relief sought is premature and unripe for two of the Intervenors. *See* Docket No. 149 at 9-10; Docket No. 152 at 17-18. Defendants do not square their arguments of prematureness and untimeliness.

prejudice in allowing intervention. Prejudice in this context relates to "whether the intervention will unduly delay or prejudice the *adjudication* of the original parties' rights." Fed. R. Civ. P. 24(b)(3) (emphasis added). No showing has been made that the adjudication of rights at issue in this case will be delayed or prejudiced by allowing intervention to address modification of the protective order.[10]

In short, permissive intervention is warranted for purposes of seeking modification of the protective order.[11]

## IV.    MOTION TO MODIFY PROTECTIVE ORDER

Intervenors seek to modify the protective order to allow their use of the protected material. Docket No. 141 at 9-12.

District courts possess broad discretion in deciding whether to modify a protective order. *See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995). The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz*, 331 F.3d at 1131. Nonetheless, such relief is not to be granted automatically. *Id.* These requests are subject to several required showings, including that the information is generally discoverable in the collateral case to ensure that litigants are not using materials from one case as a means to "subvert limitations on discovery in another proceeding." *Id.* The primary policy interest in permitting discovery sharing in collateral cases is to prevent duplicative discovery. *See id.* at 1132, 1133. That foundational predicate is eviscerated when the

---

[10] The MGM Defendants argue that they are prejudiced by intervention because they produced documents in reliance on the protective order. *See, e.g.*, Docket No. 152 at 15. General reliance on a protective order is not grounds to deny permissive intervention. *See Blum*, 712 F.3d at 1354. As noted above, the allowance of intervention does not impact those reliance interests, it merely permits an intervener to be heard. A party's reliance interests are considered in deciding whether to modify the protective order. *Foltz*, 331 F.3d at 1133; *see also Blum*, 712 F.3d at 1355.

[11] Wynn argues that the motion to intervene fails for lack of a prefiling conference. Docket No. 149 at 8. There are several problems with this argument, including most basically that Wynn also represents that there is no point in conferring because it will not agree to any of the relief sought. *See* Docket No. 149 at 8 n.3. The Court will not deny this motion for lack of a meet-and-confer. *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 & n.3 (D. Nev. 2019).

material would not be discoverable in the collateral litigation as there is no potential for duplication. *See Charles O. Bradley Tr. v. Zenith Capital LLC*, 2006 WL 798991, at *3 (N.D. Cal. Mar. 24, 2006); *see also, e.g.*, *in re Meta Pixel Tax Filing Cases*, ___ F. Supp. 3d ____, 2025 WL 3628508, at *2 (N.D. Cal. Dec. 15, 2025); *Össur Americas Inc. v. Ásgeirsson*, 2025 WL 2683991, at *4 (C.D. Cal. Mar. 26, 2025).

Defendants argue that modification of the protective order is being sought in subversion of limitations on discovery in other proceedings. *See, e.g.*, Docket No. 149 at 9-10. That contention is borne out by the record and by discovery basics. Ellie H. and Gabby M. have not yet filed suit. Docket No. 141 at 4. Discovery must be tethered to a "party's claim or defense," Fed. R. Civ. P. 26(b)(1), and generally "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," Fed. R. Civ. P. 26(d)(1). It is axiomatic that a party is generally not entitled to discovery before an action is brought. *See, e.g.*, *United States v. Cuya*, 964 F.3d 969, 973 (11th Cir. 2020).[12] Having not filed suit, Ellie H. and Gabby M. cannot seek discovery. Allowing Ellie H. and Gabby M. to use the discovery materials from this case would circumvent this limitation to discovery. *See, e.g.*, *Gov't of U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*, 2024 WL 3227095, at *3 (S.D.N.Y. June 28, 2024) (declining to modify protective order to share documents for collateral case in which discovery had not yet opened); *Smith v. Hamm*, 2024 WL 1890283, at *4 (M.D. Ala. Apr. 30, 2024) (explaining that permissive intervention would be futile in effort to obtain what amounts to prelitigation discovery).[13]

---

[12] There is an exception in unusual circumstances in which a petition for pre-suit discovery is filed and granted. *See* Fed. R. Civ. P. 27(a); *see also, e.g.*, *Freeman v. Equifax, Inc.*, 2022 WL 195006, at *2 (D. Nev. Jan. 20, 2022). Ellie H. and Gabby M. do not argue that they have been granted such relief.

[13] Ellie H. and Gabby M. also ignore the Ninth Circuit framework for sharing of discovery materials in collateral cases. The court issuing the protective order makes an initial determination as to whether to permit potential sharing, but it is ultimately the responsibility of the court overseeing the collateral litigation to determine whether the collateral litigants will actually obtain the discovery materials. *See Foltz*, 331 F.3d at 1132-33. For would-be plaintiffs who have not yet filed suit, this Court cannot make a threshold finding of relevance and there is no collateral court to determine ultimately if the discovery is obtainable. *See Thunder Studios, Inc. v. Kazal*, 2018 WL 5099748, at *3 (C.D. Cal. July 25, 2018) (refusing to modify protective order so materials could be used for future collateral litigation because such an order "would completely do away with the relevance showing that the Ninth Circuit <u>requires</u>" (emphasis in original)).

Chloe C. and McKenzie Keller have filed their lawsuits, but their pertinent claims against various casinos were dismissed with prejudice and without leave to amend. *C.C. v. Rashid*, Case No. 2:23-cv-02056-GMN-BNW, Docket No. 201 (D. Nev. Jan. 29, 2026); *Keller v. MGM Resorts International*, Case No. 2:24-cv-02027-JCM-MDC, Docket No. 171 (D. Nev. Nov. 13, 2025). "Plaintiffs cannot obtain discovery on claims that have been dismissed." *Holley v. Gilead Sci., Inc.*, 410 F. Supp. 3d 1096, 1107 (N.D. Cal. 2019).[14]  Having had their claims dismissed with prejudice, Chloe C. and McKenzie Keller are prohibited from seeking discovery. Allowing Chloe C. and McKenzie Keller to use the discovery materials from this case would circumvent this limitation to discovery. *See in re Zostavax (Zoster Vaccine Live) Prods. Liability Litig.*, 2018 WL 5303326, at *2 (E.D. Penn. Oct. 24, 2018) (declining to modify protective order to use discovery materials in collateral litigation that the movants had already lost); *see also, e.g.*, *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (concluding that appellant was not entitled to modify protective order to obtain discovery for use in collateral case where discovery was closed).

Christina T. filed a lawsuit and her claims were dismissed with leave to amend. *Christina T. v. Bellagio LLC*, Case No. 2:25-cv-00145-JCM-DJA, Docket No. 79 (D. Nev. Oct. 17, 2025). She currently has a motion for leave to amend pending. *See id.*, Docket No. 82.  While the pleadings are being settled, Christina T. agreed to a stay of discovery that the Court entered. *See, id.*, Docket No. 51.  By operation of that stay order, Christina T. is prohibited from seeking discovery. Allowing Christina T. to use the discovery materials from this case would circumvent this limitation to discovery. *See, e.g.*, *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 584 (S.D. Fla. 2014) (in rejecting argument for document sharing, explaining that "[t]he Court will not permit the instant proceeding to be used as a back door to obtain discovery for use in other proceedings in which discovery has been stayed").[15]

---

[14] Intervenors portray this scenario as a catch-22 because they need the discovery materials in order to state a claim.  Docket No. 160 at 10.  Because plaintiffs must satisfy the pleading requires *before* the discovery stage, *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014), courts routinely reject the logic advanced by Intervenors, *see, e.g.*, *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016).

[15] Nor is discovery permitted as a means to add factual allegations to amend the complaint after claims have been dismissed with leave to amend. *Persian Gulf*, 225 F. Supp. 3d at 1180.

In short, Intervenors have not shown that there is any potential duplication of discovery to be prevented by the modification of the protective order. Instead, discovery as to these other matters is barred as either premature, stayed, or moot. Allowing Intervenors to obtain discovery materials from this case would circumvent the limitations to discovery applicable in those other cases or prospective cases. As such, the Court declines to exercise its discretion to modify the protective order to permit potential discovery sharing.

## V.   MOTION TO UNSEAL

Intervenors ask that certain materials filed by Plaintiff in opposing summary judgment be unsealed. Docket No. 140 at 8-9. Concurrently herewith, the Court resolves the underlying motion to seal, concluding that sealing is not warranted but that certain information may be redacted. As such, Intervenors' motion to seal is moot.

## VI.   CONCLUSION

For the reasons discussed above, the Court orders as follows: (1) the motion to proceed using pseudonyms (Docket No. 139) is **GRANTED**; (2) the motion to intervene (Docket No. 138) is **GRANTED**;[16] (3) the motion to modify the protective order (Docket No. 142) is **DENIED**; and (4) the motion to unseal (Docket No. 140) is **DENIED** as moot.

IT IS SO ORDERED.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[16] As with the other rulings made herein, granting intervention is a matter within a magistrate judge's authority, *see, e.g.*, *United States v. Hampton Corp.*, 502 F. Supp. 3d 1376, 1382 n.6 (D.N.D. 2020) (collecting cases), so the undersigned resolves that motion through issuance of an order and not as a recommendation.

8