**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

A.H.,

      Petitioner(s),

v.

Wynn Las Vegas, LLC, et al.,

      Respondent(s).

Case No. 2:24-cv-01041-GMN-NJK

**ORDER**

[Docket Nos. 150, 174]

Pending before the Court is Defendant Wynn's motion to seal information filed in relation to briefing on a motion to intervene and to modify the protective order, among other relief. *See* Docket No. 150.[1] Also pending before the Court is Intervenors' motion to seal filed in relation to that same briefing. Docket No. 174. Wynn filed a response. Docket No. 176. On March 23, 2026, Wynn filed a supplement that these sealing requests are now partially mooted by rulings made elsewhere and the public filing of redacted information. *See* Docket No 196 at 2; *see also* Docket No. 197.

**I.    STANDARDS**

Sealing requests filed in relation to non-dispositive motion practice must be supported by a "particularized showing" of good cause. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

**II.    MOTION TO SEAL AT DOCKET NO. 150**

This request covers redactions to a responsive brief filed by Wynn obscuring information related to the proposed second amended complaint in *Christina T.*, references to summary judgment Exhibits 25 and 28, and a description of BOLO reports. *Compare* Docket No. 151 at 10-11, 12 *with* Docket No. 149 at 10-11, 12. In its recent supplement, Wynn no longer seeks secrecy as to the latter categories of documents, but maintains that secrecy is warranted as to the

---

[1] The native pagination in the papers does not always align with the CMECF pagination. The Court cites herein to the CMECF pagination.

proposed second amended complaint in *Christina T.* because that document has been sealed by the magistrate judge assigned to that case. *See* Docket No. 196 at 2. For good cause shown, the Court grants the request for redactions pertaining to the proposed second amended complaint in *Christina T.* Wynn must file a notice attaching its responsive brief that removes the redactions regarding Exhibits 25 and 28 and the description of the BOLO reports.

**III.    MOTION TO SEAL AT DOCKET NO. 174**

This request covers redactions to a reply brief and the sealing entirely of exhibits thereto consisting of an attorney declaration and email exchanges between counsel. *Compare* Docket No. 173 at 4-7 & Docket Nos. 173-1, 173-2, and 173-3 *with* Docket No. 172 at 4-7 & Docket No. 172-1. As noted above, Wynn no longer seeks secrecy as to the latter categories of documents, but maintains that secrecy is warranted as to the proposed second amended complaint in *Christina T.* because that document has been sealed by the magistrate judge assigned to that case. *See* Docket No. 196 at 2. For good cause shown, the Court grants the request for redactions pertaining to the proposed second amended complaint in *Christina T.* Wynn's position would appear to moot entirely the secrecy request as to the reply itself and the first exhibit (the Parker declaration), but redactions to parts of the second and third redactions are warranted as to the proposed second amended complaint in *Christina T.* Wynn must file a notice attaching either unredacted or partially redacted versions of the reply and these exhibits consistent with the above.

**IV.    CONCLUSION**

Accordingly, these motions to seal are **GRANTED** in part and **DENIED** in part. The Clerk's Office is **INSTRUCTED** to continue maintaining under seal the subject material as currently filed. No later than April 17, 2026, Wynn must file a public notice attaching the subject documents with only the redactions allowed above.

IT IS SO ORDERED.

Dated: April 6, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2